**Coy Lynn OWENS, Appellant**

v.

**McLEROY, LITZLER, RUTHERFORD, BAUER & FRIDAY, P.C., Frank Bauer, and Coy E. Owens, Appellees.**

No. 06–07–00030–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 10, 2007.

Decided Sept. 14, 2007.

Coy Lynn Owens, Texarkana, pro se.

Eddie Northcutt, Sulphur Springs, for appellees.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

Coy Lynn Owens appeals from the grant of summary judgment in favor of the law firm of McLeroy, Litzler, Rutherford, Bauer & Friday, P.C.[1] In his underlying lawsuit from which this appeal rises, Owens originally alleged that his father, Coy E. Owens,[2] with the assistance of Frank Bauer (the father's attorney), had converted personal property belonging to Owens, that wrongful sequestration had occurred, and that they had committed an actionable abuse of process and that the law firm was vicariously liable for Bauer's role in this. The basis for the various claims of wrongdoing directed by Owens against Bauer arose from Owens's claim to partial ownership of a dairy, its livestock, and its associated equipment, all of which were the subject of a lawsuit brought by Owens's father (in which Bauer had represented Owens's father).

The trial court signed two orders on the summary judgments September 26, 2006; one declared that Owens would take nothing as against Bauer and the other was that Owens was to take nothing as against the law firm. Because there were other issues against other parties who were in the case, these judgments would not have been fully dispositive of all the issues had the causes of action against Bauer and the law firm not been severed from the remaining part of the case-in-chief by an order of severance entered January 26, 2007. In that order of severance, the trial court ordered that the causes of action asserted by Owens against Bauer be severed from the case-in-chief and assigned cause number CV36520A, and that the causes of action asserted by Owens against the law firm (also severed) be assigned cause number CV36520B.

Owens filed a timely notice of appeal February 14, 2007, specifying that the subject of his appeal was from the judgment against the law firm in cause number CV36520B; his case against Bauer was not appealed and has become a final judgment. Owens's brief, likewise, makes it clear that his appeal is against the take-nothing judgment pertaining to the law firm, not the partial summary judgment awarded to Bauer.

Owens raises two issues on appeal, the first being procedural and the second being substantive. Owens's procedural argument is that the summary judgment in favor of the law firm should be reversed because the pleading to which the motion referred was not then the live pleading at the time of the summary judgment hearing and the entry of the take-nothing judgment. Owens's allegation of substantive error is that there was a genuine issue of material fact as to whether the law firm was vicariously liable for the acts of Bauer; these issues of fact about which Owens complains involve questions of the real or apparent authority of Bauer to bind the law firm which partially bears his name.

■ Owens states that the motion for summary judgment on which judgment was eventually rendered was directed at his original petition, which did not contain the different grounds for recovery and causes of action which were contained in the second amended petition. He maintains that the causes of action set out in

---

1. The separate judgments in favor of the law firm and Frank Bauer were made final by an order of severance of the causes of action against them from the causes of action against Coy E. Owens.

2. To avoid confusion throughout this opinion, Coy Lynn Owens will be referred to as "Owens," and Coy E. Owens will be referred to by his full name.

the original petition (wrongful sequestration, conversion, and abuse of process) were not grounds for recovery of damages from any defendant in his amended petitions. Thus, he argues that the petition that the law firm's motion addressed was no longer operative or viable and that the summary judgment should, therefore, be reversed.

Our review of the record reveals a somewhat different series of facts. At the time the law firm filed its motion for summary judgment, Owens's live pleading was his first amended original petition. Six months later (but over a month before summary judgment was rendered), Owens filed a second amended original petition. Upon its filing, the second amended original petition then became the operative pleading, having been filed more than seven days before the date set for the hearing on the motions for summary judgment. See TEX.R. CIV. P. 63; Sosa v. Cent. Power & Light, 909 S.W.2d 893, 895 (Tex.1995). The third amended original petition was not filed until after the hearing on the motions for summary judgment and after rendition of summary judgment; therefore, it was not the operative pleading at that time and is, thus, irrelevant to this analysis.

Under the second amended petition, the only ground for recovery pled against the law firm was for its alleged vicarious liability for Bauer's actions (which Owens maintained amounted to conversion). That same cause of action was also contained in the preceding petition; it was an alleged ground for recovery against which the motion for summary judgment had been filed. Thus, the law firm's motion, although filed in relation to a previous petition, nonetheless effectively addressed the sole allegation brought by Owens against the law firm.

■ Even when a later-filed claim is involved, if the motion for summary judgment is sufficiently broad to encompass that claim, then the movant need not amend his motion. Zarzana v. Ashley, 218 S.W.3d 152, 162 (Tex.App.-Houston [14th Dist.] 2007, no pet. h.); see Espeche v. Ritzell, 123 S.W.3d 657, 664 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). Similarly, where a defendant conclusively disproves an element common among pleaded causes of action, summary judgment is proper. See Dubose v. Worker's Med., P.A., 117 S.W.3d 916, 922 (Tex.App.-Houston [14th Dist.] 2003, no pet.); Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 435–36 (Tex.App.-Houston [14th Dist.] 1999, no pet.). In a nod to reality, summary judgment may be properly granted on later-pleaded causes of action if the grounds actually asserted show that the plaintiff could not recover on the later-pleaded cause of action. Ortiz v. Collins, 203 S.W.3d 414, 423 (Tex.App.-Houston [14th Dist.] 2006, no pet.).

The circumstance here favors the actions of the trial court in granting summary judgment even more than the situations described in the cases to which reference is made. This is not a later-added cause of action; the allegations in the subsequent pleadings are carryovers from the preceding pleading in which the same allegations are repeated. Thus, the allegations were addressed by the motion; the mere fact that a later petition contained more, additional, or different claims against other defendants does not affect the viability of the law firm's motion. The contention of error is overruled.

■ Owens also contends that the judgment was insupportable because the evidence raised an issue of material fact about whether the law firm was vicariously

liable for the acts of Bauer.[3] Generally, in Texas, the doctrine of vicarious liability, or respondeat superior, makes a principal liable for the conduct of his employee or agent. *Minyard Food Stores v. Goodman*, 80 S.W.3d 573, 578 (Tex.2002); *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex.1998). This liability is based on the principal's control or right to control the agent's actions undertaken to further the principal's objectives. *See Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 136 (Tex.2003).

In its motion for summary judgment, the law firm stated that Bauer was not an "officer, shareholder, employee or agent" of the law firm, and then went on to argue that if Bauer (as the alleged agent) obtained a partial summary judgment in his favor, the law firm should also obtain a summary judgment, because any liability of the law firm necessarily rested on Bauer's liability. The issue of whether Bauer was acting on behalf of the law firm is the point about which Owens vigorously objects, maintaining that a fact issue existed as to that matter.

However, the second part of that statement is dispositive of this appeal independently of whether Bauer was acting for the law firm. Bauer did obtain a take-nothing judgment in his favor. Since that judgment was never appealed, it became a final judgment. As Owens structured his lawsuit, the law firm's liability was not separate from that of Bauer; rather, it rode solely on the coattails of the proof of Bauer's liability, who was alleged to have been operating in some authorized capacity in such a way to bind the law firm to his actions. Under the partial summary judgment granted to Bauer, no liability is attributed to him; if Bauer has no liability, neither does the law firm.[4] The trial court did not err by rendering the take-nothing summary judgment in favor of the law firm.

We affirm the judgment.

---

**3.** To prevail on a motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

**4.** "Nothing from nothing leaves nothing." *Nothing from Nothing* written by Bruce Fisher, performed by Billy Preston, 1974.