

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00084-CV

_____


COY LYNN OWENS AND LINDA OWENS, Appellants

V.

COY E. OWENS, FRANK BAUER AND MCLEROY,
LITZLER, RUTHERFORD, BAUER & FRIDAY, Appellees


On Appeal from the 62nd Judicial District Court
Hopkins County, Texas
Trial Court No. CV-38478


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Coy Lynn Owens and wife, Linda Owens,[1] have appealed from an order dismissing their action for bill of review, brought against his father (Coy E. Owens), his father's attorney (Frank Bauer), and his father's attorney's law firm (McLeroy, Litzler, Rutherford, Bauer & Friday, P.C.).

If one were to search for something positive to be said about the case brought by Owens, it would be to say that it demonstrates rather unusually dogged persistence on his part. The basic fact situation upon which this case is based is one that has now come before this Court in two iterations. In *Owens v. McLeroy, Litzler, Rutherford, Bauer & Friday, P.C.*, 235 S.W.3d 388 (Tex. App.—Texarkana 2007, no pet.), Owens complained unsuccessfully of the grant of summary judgment in favor of the law firm mentioned above.[2] In his underlying lawsuit from which that appeal arose, Owens originally alleged that his father, with the assistance of the father's attorney, had converted personal property belonging to Owens, that wrongful sequestration had occurred, and that the defendants, acting in concert, had committed an actionable abuse of process. The law firm with which the attorney was associated was added by Owens as a defendant with an allegation that it had

---

[1]For the sake of clarity, due to the similarity of names and the congruity of the claim of Linda Owens with that of her husband, from this point forward, we word this as if Coy Lynn Owens were the sole appellant. When we say "Owens" that will mean the appellants here. References to Coy E. Owens will be by his full name.

[2]Apparently dissatisfied with the adverse ruling rendered by this Court, Owens then attempted to file an appeal of the same case with the 12th District Court of Appeals in Tyler (docketed as its cause number 12-08-00144-CV) about a month after our opinion was released. It was dismissed for want of jurisdiction, Hopkins County being solely within the 6th District.

vicarious liability for the attorney's role in the alleged bad acts. The initial actions about which Owens had then complained had arisen as the result of his claim to partial ownership of a dairy and its associated livestock and equipment, which had been the subject of an even earlier lawsuit (from which no appeal was taken) brought against Owens by his father, a suit in which the attorney represented the father.

In this most recent suit, Owens had filed a petition for a bill of review May 13, 2008. In that petition, he reiterated the claims in the previous lawsuit that he had been defrauded by his father and the attorney. Owens then claimed that the judgment obtained by his father (with the assistance of the attorney) on October 29, 2007, was obtained as the result of fraud. As can best be determined from Owens's highly confusing petition, the fraudulent conduct he alleged regarded the introduction into evidence of a computer-generated amortization schedule relied upon by an expert witness at trial and the failure of his father and the attorney to introduce evidence of a transfer of certain real estate during the trial that had previously occurred. The petition then goes on to claim that Owens had a meritorious defense because the amortization schedule about which he complains was erroneous; he makes some claim about a meritorious defense which hinges on the issue of the unmentioned conveyance, but it is impossible from the pleading to determine how he deems this to have been a meritorious defense.

Owens's father's attorney and the father's attorney's law firm filed virtually identical answers and motions for sanctions, pointing out that neither of them was a party to the original lawsuit about

3

which Owens complained, saying that the lawsuit against them is groundless and brought for the purpose of harassment, and seeking relief pursuant to Rule 13 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 13. In response to these motions, the trial court entered an order dismissing the lawsuit against the attorney and the law firm and, sua sponte, dismissing the lawsuit against Coy E. Owens.

In this case, appellees strenuously argue that Owens's briefing never addresses the propriety of the trial court's order of dismissal of the petition for bill of review and that Owens has, therefore, presented no issue for review by this Court. Owens's brief as filed with this Court extensively recounts his version of the facts underlying the original lawsuit. However, appellees' counsel quite cogently argue that the underlying merits of Owens's lawsuit are not the issue before this Court; counsel further correctly note that it is impossible for them to respond to an argument that is not presented for review. *See* TEX. R. APP. P. 38.1(f), (h), (i), 38.2(a)(2).

We recognize that an argument is waived if an order is not challenged on appeal, and we acknowledge that we are to look both at the stated issues and at the arguments under those issues to see if the challenge exists. *See Perry v. Cohen*, 272 S.W.3d 585 (Tex. 2008).

In this case, Owens neither provides any analysis to suggest why the trial court might have erred in its punitive dismissal of his petition for bill of review, nor does he make any effort to apply the standards utilized in the appellate review of such a ruling. The entire thrust of Owens's brief seems to be directed at showing why he believes that he should have prevailed in the underlying

4

action, and it ignores why he might believe that the entry of the order of dismissal of the lawsuit was in error.  Fatally, Owens aims his arrows at the wrong target.

We affirm the judgment.


Bailey C. Moseley
Justice

Date Submitted:     April 15, 2009
Date Decided:       April 16, 2009

5