Rose RENFROE, Appellant,

v.

JONES & ASSOCIATES, a Professional Corporation, L. Kelly Jones, Thaddeus Freeman, and Bryan Cannon, Appellees.

No. 2–96–179–CV.

Court of Appeals of Texas, Fort Worth.

May 29, 1997.

Rehearing Overruled July 17, 1997.

Cindy Purinton, Arlington, for Appellant.

L. Kelly Jones, Thaddeus Freeman, Jones, Cannon & Freeman, Arlington, for Appellees.

Before DAY, LIVINGSTON and RICHARDS, JJ.

## OPINION

DAY, Justice.

Appellant Rose Renfroe appeals from a summary judgment for appellees Thaddeus Freeman, Bryan Cannon, L. Kelly Jones, and Jones & Associates (collectively, J & A) in an action for wrongful garnishment. She raises two points of error. First, she complains that the trial court erred by ruling that she has no cause of action against J & A "based on their status as lawyers." Next, she contends that the trial court erred by ruling there was no question of fact regarding her action pleaded against J & A. Because we find there are no questions of material fact and J & A is entitled to judgment as a matter of law, we affirm the judgment of the trial court.

### BACKGROUND

On December 18, 1992, Landmark Village Limited Partnership (Landmark), J & A's client, obtained a judgment against Renfroe for $56,000, postjudgment interest, and costs in an underlying lawsuit.[1] Three days later, Landmark applied for a writ of garnishment.[2] The application was supported by the affidavit of Denise Preston, comptroller for BEG Enterprises, Inc. (BEG), Landmark's property manager. The affidavit stated that within her knowledge, the debtor (Renfroe) does not possess property in Texas sufficient to satisfy the judgment. Two days later, Renfroe filed a motion to dissolve the writ. Two weeks later, after an evidentiary hearing, the district court entered an order dissolving the writ. Eleven months later, Renfroe filed this wrongful garnishment action naming Landmark, BEG, and their attorneys, J & A, as defendants. Landmark and BEG were subsequently dismissed with prejudice when the matters in dispute were settled.

J & A then filed a motion for summary judgment, raising four arguments:

1. They are not liable in the capacity in which they are sued because they were not plaintiffs in the garnishment action;

2. There is no cause of action in Texas by adverse parties against opposing attorneys for actions taken for their clients because those actions are privileged;

3. All the provisions in chapter 63 of the Texas Civil Practices and Remedies Code were followed in pursuing the garnishment action against Renfroe; and

4. At the time of filing the garnishment action, neither J & A nor the clients had any knowledge that Renfroe had sufficient assets in Texas subject to execution to satisfy the judgment.

The trial court granted J & A's motion for summary judgment, and Renfroe appeals.

### STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met his sum-

1. *Landmark Village Limited Partnership, a Michigan Limited Partnership v. Stephen Martin d/b/a Ultimate Fitness and Rose Renfro*, No. 96–140940–92, 96th District Court of Tarrant County, Texas.

2. *Landmark Village Limited Partnership, a Michigan limited partnership v. Rose Renfroe (a/k/a Rose Renfroe) individually and d/b/a Ultimate VIP Fitness (a/k/a Ultimate Fitness), Defendants, and NationsBank of Texas, N.A., Garnishee*, No. 96–145951–92, 96th District Court of Tarrant County, Texas.

mary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *see Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *See Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678. When reviewing a summary judgment granted on general grounds, as in the present case, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

## DISCUSSION

The trial court did not err by granting J & A's motion for summary judgment. If Renfroe has any cause of action, it lies against J & A's clients, with whom she has settled and released. Any cause of action against J & A fails because of a lack of privity between J & A and Renfroe. *See Bryan & Amidei v. Law*, 435 S.W.2d 587, 593 (Tex.Civ.App.—Fort Worth 1968, no writ);

*Traders & General Ins. Co. v. Keith*, 107 S.W.2d 710, 713 (Tex.Civ.App.—Amarillo 1937, writ dism'd); *Citizens' Nat'l Bank v. Morrison*, 50 S.W.2d 346, 347 (Tex.Civ. App.—Austin 1932, no writ).

An attorney's duties that arise from the attorney-client relationship are owed only to the client, not to third persons, such as adverse parties. They have not retained the attorney and the attorney has not rendered them any services. No privity of contract exists between them and the attorney. They have no right of action against the attorney for any injuries they suffer because of the attorney's fault in performing duties owed only to the client. *See Bryan*, 435 S.W.2d at 593; *Traders & General Ins.*, 107 S.W.2d at 713.

Texas law has long authorized attorneys to "practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *Kruegel v. Murphy*, 126 S.W. 343, 345 (Tex.Civ.App.—Dallas 1910, writ ref'd). An attorney may assert any of his client's rights without being personally liable for damages to the opposing party. *See Bradt v. West*, 892 S.W.2d 56, 76 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Morris v. Bailey*, 398 S.W.2d 946, 947 (Tex.Civ.App.—Austin 1966, writ ref'd n.r.e.).

If an attorney's conduct violates his professional responsibility, the remedy is public, not private. *See generally Martin v. Trevino*, 578 S.W.2d 763, 771 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.) (holding physician could not recover damages from former patient's attorneys based on theory that attorneys filed frivolous medical malpractice suit for patient without proper investigation and without informed basis of determining before filing suit that it had reasonable merit). Recently in *Bradt*, the Houston First District Court of Appeals held that an attorney does not have a right of recovery, under any cause of action, against another attorney arising from conduct in which the second attorney engaged while representing a party in a lawsuit in which the first attorney also represented a party. *Bradt*, 892 S.W.2d at 71–72.

The public has an interest in "loyal, faithful and aggressive representation by the legal profession...." An attorney is thus charged with the duty of zealously representing his clients within the bounds of the law. In fulfilling this duty, an attorney "ha[s] the right to interpose any defense or supposed defense and make use of any right in behalf of such client or clients as [the attorney] deem[s] proper and necessary, without making himself subject to liability in damages...." Any other rule would act as a severe and crippling deterrent to the ends of justice for the reason that a litigant might be denied a full development of his case if his attorney were subject to the threat of liability for defending his client's position to the best and fullest extent allowed by law, and availing his client of all rights to which he is entitled.

*Id.* at 71 (quoting *Maynard v. Caballero,* 752 S.W.2d 719, 721 (Tex.App.—El Paso 1988, writ denied) and *Morris,* 398 S.W.2d at 947–48 and citing *Likover v. Sunflower Terrace II, Ltd.,* 696 S.W.2d 468, 472 (Tex.App.—Houston [1st Dist.] 1985, no writ)) (alteration in original). Although the reasoning of *Bradt* specifically addresses the liability of one attorney to an opposing attorney, its reasoning applies with equal force to the liability of an attorney to the opposing party. *See Taco Bell Corp. v. Cracken,* 939 F.Supp. 528, 532 (N.D.Tex.1996). Under Texas law, attorneys cannot be held liable for wrongful litigation conduct. *See Bradt,* 892 S.W.2d at 71–72. A contrary policy "would dilute the vigor with which Texas attorneys represent their clients" and "would not be in the best interests of justice." *Id.* at 72.

This rule focuses on the type of conduct in which the attorney engages rather than on whether the conduct was meritorious in the context of the underlying lawsuit. *See id.* Accordingly, the present case turns on whether the attorney's conduct was part of discharging his duties in representing his client. If the conduct is within this context, it is not actionable even if it is meritless. *See id.*

Renfroe's wrongful garnishment action against J & A arose from J & A's actions taken as attorneys representing their clients, Landmark and BEG. J & A's preparing and filing their clients' application for a writ of garnishment on Renfroe's bank accounts was within the context of discharging their duties in representing their clients. Therefore, J & A owed no duty to Renfroe. There are no genuine issues of material fact, and J & A is entitled to judgment as a matter of law. Thus, the trial court properly granted summary judgment for J & A.

We overrule points of error one and two and affirm the judgment of the trial court.