**Herman E. MITCHELL, Appellant,**

v.

**Carlyle H. CHAPMAN, Jr., Appellee.**

No. 05–97–01310–CV.

Court of Appeals of Texas,
Dallas.

Jan. 28, 2000.

---

Timothy T. Mitchell, Rashti and Mitchell, Dallas, for Appellant.

James H. Holmes, III, Joann N. Wilkins, Burford & Ryburn, L.L.P., Dallas, for Appellee.

Before Justices JAMES, WRIGHT, and FARRIS[1]

1. The Honorable David F. Farris, Former Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

## OPINION

DAVID F. FARRIS, Justice, (Assigned).

On the Court's own motion, we withdraw our opinion of January 21, 2000 and substitute this opinion in its place.

This is a suit filed by an unsuccessful litigant against an opposing attorney. Herman E. Mitchell sued Carlyle H. Chapman alleging he withheld a document from discovery essential to Mitchell's recovery in two prior suits. Chapman was the attorney for a defendant in both prior suits. Mitchell contends Chapman acted either willfully or negligently in denying the existence of the document and that Mitchell, and his attorney, relied on that misrepresentation. The trial court entered summary judgment denying Mitchell any recovery. The only issue presented is whether Mitchell has a cause of action against Chapman. We hold he does not because the relationship between Mitchell and Chapman in the earlier suits was clearly adversarial and Chapman owed no legal duty to Mitchell.

There is no dispute that Mitchell needed the document to succeed in his earlier suits. In those suits, Mitchell sued to recover disability benefits under an insurance policy and the document, a part of the insurer's underwriting file, increased the benefits available to Mitchell. Mitchell contends that despite his repeated efforts to obtain the underwriting file by discovery, Chapman, on behalf of his client, denied it existed even though it was in Chapman's office.

The summary judgment turned only on whether Mitchell had a cause of action against Chapman. Accordingly, we do not address whether Chapman had the underwriting file, as alleged, or whether Chapman acted either willfully, negligently, or unethically in not producing the doc-

ument in response to discovery. Neither do we address Chapman's argument that there is another remedy available to Mitchell, by bill of review in the United States District Court where the earlier suits were pending. We hold Mitchell does not have a cause of action against Chapman for willfully failing to produce the document because of the nature of their relationship in the earlier two suits. Mitchell's interests are outweighed by the public's interest in loyal, faithful, and aggressive representation by attorneys employed as advocates. *See Bradt v. West,* 892 S.W.2d 56, 71 (Tex.App.-Houston [1st Dist.] 1994, writ denied). If Chapman's conduct violated his professional responsibility, the remedy is public rather than private. *See Renfroe v. Jones & Assocs.,* 947 S.W.2d 285, 287 (Tex.App.-Fort Worth 1997, pet. denied).

We further hold Mitchell does not have a cause of action for negligent misrepresentation for several reasons. First, as the relationship between Mitchell and Chapman's client in the earlier suits was "adverse," Chapman's conduct in representing his client could not create an actionable duty under section 552 of the Restatement (Second) of Torts. *See* RESTATEMENT (SECOND) OF TORTS § 552 (1977); *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests,* 991 S.W.2d 787, 793 (Tex.1999). Second, Chapman did not provide false information for the guidance of Mitchell in a business transaction. *See* RESTATEMENT (SECOND) OF TORTS § 552 (1977). Finally, Mitchell does not fall within the narrow class of potential claimants listed under section 552(2). *F.E. Appling Interests,* 991 S.W.2d at 793–94.

The judgment of the trial court is affirmed.