No. 04-00-00003-CV


Gene WHITE,

Appellant


v.


Anne H. BAYLESS, J. Anthony Guajardo, Sr., 

and Matthew S. Muller,

Appellees


From the 131st Judicial District Court, Bexar County, Texas

Trial Court No. 98CI-05002

Honorable Johnny Gabriel, Jr., Judge Presiding


Opinion by: Tom Rickhoff, Justice

 

Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 

Delivered and Filed: September 6, 2000


AFFIRMED


 This is an appeal from a summary judgment rendered in favor of Anne H. Bayless and her
attorneys, J. Anthony Guajardo, Sr. and Matthew S. Muller, against Gene White. We affirm the
summary judgment because White has no cause of action against Bayless, Guajardo, and Muller for
actions taken by Guajardo and Muller in the context of their representation of Bayless.


FACTUAL BACKGROUND

 In August 1993, Bayless proposed marriage to White, and he accepted. At the time, White
was supervising the remodeling of a house, which was owned by the Estate of Lucille F. Grist (the
Grist Estate). Bayless and White agreed to purchase the house from the Grist Estate, with Bayless
providing the purchase money and additional funds to remodel the house. Bayless created the Sunrise
Investment Trust with her as sole grantor, trustee, and beneficiary. Bayless gave $150,000 to the
Trust, which in turn, purchased the house from the Grist Estate. White and the Trust entered into
an agreement under which he would live in the house and supervise completion of the improvements.
White was to receive an hourly rate for his services, a portion of which would be deducted for rent.
White later became a grantor, trustee, and beneficiary of the Trust. 

 In February 1995, Bayless decided she did not want to marry White, and she wanted to
terminate the Trust and all financial connections with him. When Bayless and White were unable to
reach an amicable agreement, Bayless retained Guajardo to sue White for breach of fiduciary duty,
accounting of funds, and recovery of investments. Guajardo is licensed to practice law in Texas. On
April 2, 1998, Guajardo and Muller signed Bayless's original petition. Muller's license to practice
law in Texas was suspended on September 18, 1997 and reinstated on April 28, 1998.

WHITE'S CLAIMS AGAINST BAYLESS AND HER ATTORNEYS

 White filed a counter-claim against Bayless, and a cross-action against Guajardo and Muller.
White contended Bayless entered into a conspiracy with Guajardo and Muller to defraud him of his
property; and destroy him financially, physically, mentally, and emotionally to the point that he would
be forced to cede control of the Trust's assets or that he would succumb physically and die, thus
passing full control of the Trust to Bayless. White claimed Bayless and her attorneys used her lawsuit
to obtain extralegal orders purporting to bind White and harm him, and that Guajardo and Muller
acted contrary to stipulated agreements, on an ex parte basis, and without authority. White alleged
that Bayless and her attorneys' actions were calculated to cause him financial injury, grave physical
injuries, severe stress and mental anxiety, and emotional pain and suffering.

 Bayless, Guajardo, and Muller jointly moved for summary judgment. The trial court rendered
summary judgment in their favor on the ground that no cause of action existed against them in favor
of White.

SUMMARY JUDGMENT

Standard of Review

 As movants for summary judgment, Bayless, Guajardo, and Muller had to negate the existence
of genuine issues of material fact and establish their right to judgment as a matter of law. See Gibbs
v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). Summary judgment is proper where
the plaintiff's allegations cannot constitute a cause of action as a matter of law. See Friesenhahn v.
Ryan, 960 S.W.2d 656, 658 (Tex. 1998). 

 A summary judgment should not be premised on a pleading deficiency curable by amendment.
In re B.I.V., 870 S.W.2d 12, 13 (Tex. 1994). Accordingly, the special exceptions procedure, and not
summary judgment, is the proper means to test the adequacy of the other parties' pleadings. See
Texas Dep't of Corrections v. Herring, 513 S.W.2d 6, 9-10 (Tex. 1974). (1) Generally, before a court
may grant a "no cause of action" summary judgment, it must give the plaintiff an adequate
opportunity to plead a viable cause of action. See Friesenhahn, 960 S.W.2d at 658; Massey v. Armco
Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). However, if the plaintiff's petition affirmatively
demonstrates that no cause of action exists or that the plaintiff's recovery is barred, no opportunity
to amend is necessary, and summary judgment or dismissal is proper. Peek v. Equipment Serv. Co.,
779 S.W.2d 802, 805 (Tex. 1989). When evaluating a summary judgment granted on the basis of
deficient pleadings, we review the pleadings de novo, taking all allegations, facts, and inferences in
the pleadings as true and viewing them in the light most favorable to the pleader. Natividad v.
Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). We will affirm the summary judgment only if the
pleadings are legally insufficient. Id.

Summary Judgment in Favor of Guajardo and Muller

 Guajardo and Muller moved for summary judgment on the ground that White did not state
a cause of action against them. They relied on cases standing for the proposition that there is no
cause of action against opposing counsel for representing a client in a judicial proceeding. See
Mitchell v. Chapman, 10 S.W.3d 810, 811 (Tex. App.-Dallas 2000, pet. filed); Bradt v. West, 892
S.W.2d 56, 71-72 (Tex. App.-Houston [1st Dist.] 1994, writ denied).

 White argues that his causes of action for conspiracy to commit fraud and intentional infliction
of emotional distress can be maintained against Guajardo and Muller. He relied on cases standing for
the proposition that an attorney is liable if he knowingly commits a fraudulent act or knowingly enters
into a conspiracy to defraud a third person. See Poole v. Houston & T.C. Ry. Co., 58 Tex. 134, 137
(1882); Querner v. Rindfuss, 966 S.W.2d 661, 666 (Tex. App.-San Antonio 1998, pet. denied).

 We therefore examine each of White's claims in light of the actions shown to have been taken
by Guajardo and Muller to determine whether they can be held liable for such actions. If Guajardo
and Muller actively engaged in fraudulent conduct in furtherance of some conspiracy or otherwise,
they can be held liable. See Querner, 966 S.W.2d at 666. White claims Bayless and her attorneys
obtained several orders in furtherance of their conspiracy. Following is a list of those orders and
White's contentions:

 1. "Temporary Restraining Order and Order Setting Hearing for Temporary
Orders." Although the order purports to be based on Bayless's original
petition, the petition does not contain the words "restraining order" and
"injunction," and the petition contains no pleading to support such an order
and no prayer for such relief.


 2. An "Agreement for Other," which purports to provide for mutually temporary
injunctions, but provides for nothing.


 3. "Notice of Lis Pendens" referring to this suit. Under the heading "Kind of
Proceeding," assertions are made that are not related to the contents of the
suit except for an alleged "breach of fiduciary duty," and the assertions have
nothing to do with a title to real estate.


 4. A "Motion to Set" providing for a jury trial date 14 days from the date of
setting in violation of Texas Rule of Civil Procedure 245.


 5. An "Order for Issuance of a Writ of Sequestration" concerning two paintings
contributed by White to the Trust and worth $250,000. The writ was issued
after White had answered, but without notice to White or his attorney. The
order provided that Bayless post a sequestration bond of $1000, and her
attorneys were approved as her sureties; but White was required to post a
$250,000 bond and obtain a licensed and recognized public surety company.


 6. An "Application for Writ of Sequestration" of property owned by a trust not
a party to the lawsuit, which called for seizure of all property on the premises
of a corporation not a party to the lawsuit.


 7. An "Order for the Issuance of Temporary Restraining Order" concerning
property belonging to a trust not a party to the lawsuit.


 As further evidence of the conspiracy, White alleged he filed for bankruptcy because of
Bayless's "relentless extrajudicial onslaught." He contends Bayless and her attorneys filed numerous
pleadings in state court despite the automatic stay; tried to evict him even though the bankruptcy
court did not have jurisdiction over eviction matters; filed a false proof of claim in his bankruptcy
proceeding; and used "scurrilous and intemperate language and pejorative statements." White also
contends Guajardo joined Muller in Muller's practicing law despite having had his license suspended.


 Texas law has long authorized attorneys to "practice their profession, to advise their clients
and interpose any defense or supposed defense, without making themselves liable for damages." See
Kruegel v. Murphy, 126 S.W. 343, 345 (Tex. Civ. App.-Dallas 1910, writ ref'd). An attorney may
assert any of his client's rights without being personally liable for damages to the opposing party. See
Bradt, 892 S.W.2d at 76; Morris v. Bailey, 398 S.W.2d 946, 947 (Tex. Civ. App.-Austin 1966, writ
ref'd n.r.e.). An attorney's duties that arise from the attorney-client relationship are owed only to the
client, not to third persons, such as adverse parties. See Renfroe v. Jones & Assoc., 947 S.W.2d 285,
287 (Tex. App.-Fort Worth 1997, writ denied). They have not retained the attorney, the attorney
has not rendered them any services, and no privity of contract exists between them and the attorney.
Id. They have no right of action against the attorney for any injuries they suffer because of the
attorney's fault in performing duties owed only to the client. Id.

 Under Texas law, attorneys cannot be held liable for wrongful litigation conduct. See Bradt,
892 S.W.2d at 71-72. A contrary policy "would dilute the vigor with which Texas attorneys
represent their clients" and "would not be in the best interests of justice." Id. at 72. Any other rule
would act as a severe and crippling deterrent to the ends of justice because a litigant might be denied
a full development of his case if his attorney were subject to the threat of liability for defending his
client's position to the best and fullest extent allowed by law, and availing his client of all rights to
which he is entitled. See Morris, 398 S.W.2d at 947-48.

 The principle that there is no cause of action against opposing counsel for representing a client
in a judicial proceeding focuses on the kind of conduct engaged in, not on whether the conduct was
meritorious in the context of the underlying lawsuit. See Renfroe, 947 S.W.2d at 288; Bradt, 892
S.W.2d at 72. A disgruntled litigant has no right of recovery against the opposing attorney for that
attorney's having made certain motions in the underlying lawsuit, regardless of whether the motions
were meritless or even frivolous, because making motions is conduct an attorney engages in as part
of the discharge of his duties in representing a party in a lawsuit. Id. Even when an attorney engages
in wrongful conduct as part of the discharge of his duties in representing a party in a lawsuit, there
is no cause of action to the party on the other side. Id. (noting that the law provides for the
punishment of such acts, citing Tex. R. Civ. P. 13 (power to punish attorney for filing improper
pleadings, motions, and "other papers"); Tex. R. Civ. P. 215 (power to punish attorney for abusing
discovery); Tex. Gov't Code Ann. § 21.002 (Vernon 1988) (power to punish attorney for contempt
of court)). 

 Here, each of the complained of actions by Guajardo and Muller involve a pleading filed with
or orders obtained from a court. White does not assert he was unlawfully harmed by any single
pleading or order; instead, he contends the pleadings and orders evidence a pattern of conspiracy to
harm him. However, White's claims against Guajardo and Muller arose from Guajardo and Muller's
actions taken as attorneys representing their client, Bayless. The attorneys' preparing and filing
various pleadings with the trial court and the bankruptcy court were within the context of discharging
their duties in representing their client. Guajardo and Muller owed no duty to White.

 We hold that White does not have a cause of action against Guajardo and Muller because the
relationship was adversarial and the attorneys owed no legal duty to White. See Mitchell, 10 S.W.3d
at 812 (no cause of action based on opposing attorney's allegedly willfully withholding a document);
Querner, 966 S.W.2d at 669 (no cause of action based on probate attorney's signature on application
for sale of real property and accounting); Renfroe, 947 S.W.2d at 288 (no cause of action against
creditor's attorney based on issuance of wrongful writ of garnishment); Bradt, 892 S.W.2d at 73 (no
cause of action based on opposing attorney's filing an allegedly meritless motion for contempt).
Furthermore, White has no cause of action based on Muller's practicing law while his license was
suspended because White was not in privity with Muller. Even assuming Guajardo and Muller's
actions went beyond the bounds of ethical behavior, the remedy is public, not private. See Mitchell,
10 S.W.3d at 812; Renfroe, 947 S.W.2d at 287. 

 Even if White had been able to show some sort of tacit agreement between Bayless, Guajardo,
and Muller, White's inability to articulate an actionable underlying tort claim is fatal to his conspiracy
allegations. See, e.g., Hoggett v. Brown, 971 S.W.2d 472, 493 (Tex. App.-Houston [14th Dist.]
1997, pet. denied) (concluding there was no actionable conspiracy claim once court determined
plaintiff could not assert an actionable claim against defendants). We find there are no genuine issues
of material fact, and Guajardo and Muller were entitled to judgment as a matter of law. Thus, the
trial court properly rendered summary judgment in favor of Guajardo and Muller. 



Summary Judgment in Favor of Bayless

 Because White has no cause of action against Guajardo and Muller, he cannot maintain a
conspiracy claim against Bayless. See Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996)
(defendant's liability for conspiracy depends on participation in some underlying tort for which the
plaintiff seeks to hold at least one of the named defendants liable). Therefore, the trial court properly
rendered summary judgment in favor of Bayless.

CONCLUSION

 For the reasons set forth above, we affirm the trial court's judgment in favor of Bayless,
Guajardo, and Muller.


 Tom Rickhoff, Justice

PUBLISH


1. Bayless filed special exceptions, contending White's petition asserted no cognizable claim against her based
on her attorneys' actions. The trial court denied the special exceptions. Bayless, Guajardo, and Muller later sought
summary judgment because no cause of action existed. White did not object, in the trial court, to Bayless, Guajardo,
and Muller's reliance on the summary judgment procedure. Their reliance on the pleadings triggered a responsibility
in White to request leave to amend, to the extent his pleading defects were curable by amendment. See Higbie Roth
Constr. Co. v. Houston Shell & Concrete, 1 S.W.3d 808, 811 (Tex. App.-Houston [1st Dist.] 1999, pet. denied). White
did not request an opportunity to amend his pleadings to state a cognizable cause of action, and he does not make this
complaint on appeal. See id. (Higbie waived reliance on any complaint premised on absence of special exceptions
because he did not request an opportunity to amend).