In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00022-CV


______________________________




ROBERT DAUGHERTY, Appellant



V.



GEORGE PRESTON, Appellee




 


On Appeal from the 62nd Judicial District Court


Lamar County, Texas


Trial Court No. 70161




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Robert Daugherty sued his ex-wife's divorce attorney for legal malpractice, claiming he wrote
the divorce decree to award property to his ex-wife that the judge had said at the hearing was to be
preserved for Daugherty. Daugherty is presently in jail and is acting pro se. George Preston, the
wife's retained counsel, appeared at what was effectively an uncontested hearing for divorce, and 
drafted the divorce decree. Daugherty is not appealing from the divorce decree, but from a summary
judgment in favor of Preston in the malpractice lawsuit.

 To prevail on a motion for summary judgment, a movant must establish that there is no
genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c). The initial question in this case is whether Preston showed he was entitled
to judgment because Daugherty could have no cause of action against him on the facts as pled. 
There are no facts at issue: Daugherty relies on the record from the underlying divorce proceeding
and the judgment to show allegedly wrongful actions by Preston. 

 The question is whether Daugherty, who was not Preston's client, has a viable cause of action
against him. The answer is he does not. Although this Court has recognized that, in certain
restricted circumstances, an attorney may become subject to a negligent misrepresentation claim or
a claim of fraud, (1) the general rule is that a nonclient cannot sue a lawyer for malpractice, because the
attorney owes the duty of care to his or her client, not to third parties who may have been damaged
by any negligent representation of that client. Poth v. Small, Craig & Werkenthin, 967 S.W.2d 511
(Tex. App.-Austin 1998, pet. denied); Renfroe v. Jones & Assocs., 947 S.W.2d 285, 287 (Tex.
App.-Fort Worth 1997, writ denied). Further, if an attorney's conduct violates his or her
professional responsibility, the remedy is public, not private. Renfroe, 947 S.W.2d at 287.

 Under this state of the record, we conclude Preston has shown himself entitled to judgment
as a matter of law.

 We affirm the summary judgment in favor of Preston.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 19, 2003

Date Decided: September 22, 2003
1. Lesikar v. Rappeport, 33 S.W.3d 282 (Tex. App.-Texarkana 2000, pet. denied); F.E.
Appling Interests v. McCamish, Martin, Brown & Loeffler, 953 S.W.2d 405 (Tex. App.-Texarkana
1997), aff'd, 991 S.W.2d 787 (Tex. 1999). 



ggravated
sexual assault on M.M. and sentenced to forty years' imprisonment (concurrent). In cause number
06-07-00005-CR, he was convicted of aggravated sexual assault on M.M. and sentenced to forty
years' imprisonment (concurrent). In cause number 06-07-00006-CR, he was convicted for
indecency with a child with J.H. and sentenced to twenty years' imprisonment (concurrent). In cause
number 06-07-00007-CR, he was convicted of indecency with a child with J.H. and sentenced to
twenty years' imprisonment (concurrent). In cause number 06-07-00008-CR, he was convicted of
one count of indecency with a child with J.H. and sentenced to twenty years' imprisonment
(concurrent), and one count of aggravated sexual assault on a child with J.H. and sentenced to forty
years' imprisonment (consecutive to 0618762 (06-07-00004-CR)). In cause number 06-07-00009-CR, Mick was convicted of one count of aggravated sexual assault on J.H. and sentenced to forty
years' imprisonment (concurrent), and one count of indecency with a child with J.H. and sentenced
to twenty years' imprisonment (concurrent). In each conviction, the jury also assessed a $10,000.00
fine. 
2. Mick does not present a Confrontation Clause issue--M.M. testified at the trial.