Opinion issued May 10, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01067-CV

———————————

Michael Easton and Dawn Whatley, Individually and as Executrix of
the Estate of Perry Lee Whatley, Appellants

V.

Shawn Phelan,
Thompsoe Coe Cousins & Irons, LLP, David Cabrales, Rachel Stinson, AND
Locke Lord Bissell & Liddell, LLP (f/k/a Locke Lidell & Sapp, LLP), Appellees



 



 

On Appeal from the 190th District Court

Harris County, Texas



Trial Court Case No. 2009-52626

 



 

MEMORANDUM OPINION

          Appellants
Michael Easton and Dawn Whatley, individually and as executrix of the estate of
Perry Lee Whatley, present this appeal from two orders dismissing their fraud
claims against individually named attorneys and their respective law
firms.  The attorney-defendants—David Cabrales,
Rachel Stinson, and Locke Lord Bissell & Liddell, LLP (the “Locke Lord
attorneys”), and Shawn Phelan and Thompson Coe Cousins & Irons, LLP (the
“Thompson Coe attorneys”)—had filed
special exceptions arguing that, as attorneys, they enjoyed qualified immunity
from claims arising out of their representation of clients in a lawsuit.

Before briefs on the merits of the
appeal were submitted to this court, the Locke Lord attorneys and Thompson Coe
attorneys filed respective motions to dismiss the appeal for want of
jurisdiction on multiple grounds, including that the notice of appeal was
untimely filed.  While those motions were
pending, Easton and Whatley filed a motion to dismiss for want of jurisdiction
on a different ground: that the trial court’s dismissal orders were not a final
judgment.  We conclude that the two
dismissal orders constitute a final judgment. 
Although Easton and Whatley untimely filed their notice of appeal, they
did so within the 15-day grace period.  See Tex.
R. App. P. 26.3.  Therefore, their
notice must be treated as an implied motion for extension of time, and we grant
the implied motion.

Regarding the merits of the appeal,
we conclude that the trial court properly dismissed all claims because the
attorney-defendants enjoyed qualified immunity. 
We therefore affirm the judgment.

Background

          This case relates to multiple suits,
appeals, and mandamus petitions arising out of a guardianship proceeding for
Perry Lee Whatley and an annuity issued to him by Sun Life Assurance Company of
Canada (U.S.).  See Whatley v. Walker,
302 S.W.3d 314, 318 n.1 (Tex. App.—Houston [14th Dist.] June
18, 2009, pet. denied) (listing several related
actions).  Mr. Whatley’s niece and nephew
initiated the guardianship proceeding, alleging that he had become
incapacitated and was no longer able to manage his own affairs.  Mr. Whatley’s wife, Dawn Whatley, contested
the guardianship.  A Harris County
probate court appointed a guardian for Mr. Whatley’s estate.  Following the appointment, Sun Life released
money due under the annuity to the guardian.

          On a petition for writ of mandamus,
the Fourteenth Court of Appeals held that the appointment of guardianship was
void.  See In re Whatley, No. 14-05-01222-CV, 2006 WL 2948230, at *4 (Tex.
App.—Houston [14th Dist.] Oct. 13, 2006, orig. proceeding) (mem.
op.).  Sun Life,
which was represented by
the Locke Lord attorneys, sued the guardian, who was represented by the Thompson Coe
attorneys, for
return of the annuity proceeds.  In the
course of that litigation, Sun Life obtained a temporary restraining order and
temporary injunction against the guardian and the bank in which he had
deposited the proceeds.  The temporary
restraining order and temporary injunction prohibited the guardian and the bank
from transferring or otherwise disposing of the proceeds.  Easton and Mrs. Whatley, individually and as
personal representative of her husband, intervened in that suit and alleged,
among multiple causes of action, that Sun Life, the guardian, and other parties
to the suit had conspired to violate their civil rights.  During the course of the litigation, Mr.
Whatley passed away.

          After three years of litigation among
Mrs. Whatley, Easton, Sun Life, and the guardian, Mrs. Whatley filed the
original petition in the suit from which this appeal arises.  As executrix of her late husband’s estate,
Mrs. Whatley sued the guardian’s lawyers—the Thompson Coe attorneys—alleging that they assisted Sun Life
in a “fraud” and “scheme” to enjoin their own client from spending the annuity
proceeds.  The alleged goal of the
“pretend lawsuit” was to allow Phelan to “steal” Mr. Whatley’s rightful
proceeds.

In the first amended petition, Mrs. Whatley was joined in her
individual capacity as the estate’s co-plaintiff, and the Locke Lord attorneys
were joined as defendants.  The first
amended petition alleged that the defendants “conspired amongst themselves and
with others and devised a scheme to defraud Plaintiffs . . . by
generating, filing and prosecuting a ‘pretend’ lawsuit,” and that the “actions
of Phelan, Thompson Coe, Cabrales, Stinson, and Locke
Lord constitute the torts of actionable fraud; are foreign to the duties of an
attorney; and also constitute the felony offense of tampering with governmental
records which resulted in untold losses to Plaintiffs in addition to severe
mental anguish.”  The petition further
alleged that the defendants’ actions violated the Texas Theft Liability Act.  Attached to the petition were email messages
between Phelan, Stinson, Cabrales, and the guardian,
purportedly showing that they coordinated in filing the suit and requesting the
temporary injunction.

          The Locke Lord attorneys answered with
a general denial.  Shortly afterward,
they filed special exceptions asserting that the plaintiffs had failed to state
a cause of action.  The Thompson Coe
attorneys answered with a general denial, special exceptions similar to those filed
by the Locke Lord attorneys, and affirmative defenses.  In that same answer, they counterclaimed
under Chapters 9 and 10 of the Texas Civil Practice and Remedies Code for the
filing of a frivolous claim, see Tex. Civ. Prac.
& Rem. Code Ann. §§ 9.012 & 10.004 (West 2002), under the
Rules of Civil Procedure for sanctions, see
Tex. R. Civ. P. 13, and under the
Texas Theft Liability Act for court costs and attorney’s fees, see Tex.
Civ. Prac. & Rem. Code Ann.
§ 134.005(b) (West 2011).

          Easton filed a plea in intervention
that substantially repeated in form and substance the first amended petition
filed by Mrs. Whatley.  Later, Easton and
Mrs. Whatley, individually and as executrix of the estate, filed a “Second
Amended Petition” substantially reiterating the prior pleadings except insofar
that it omitted any mention of the Texas Theft Liability Act.  The email messages purportedly sent among the
individual attorneys and the guardian were attached to the petition.

The Thompson Coe attorneys and Locke Lord attorneys filed
respective motions to dismiss and renewed special exceptions.  Both motions advanced the same basic argument
for dismissal: the plaintiffs failed to allege a cause of action because under
Texas law attorneys enjoy qualified immunity from liability to non-clients.

The trial court signed two orders on August 30, 2010.  One order (the “Thompson Coe order”) recited
that the court had considered the Thompson Coe attorneys’ motion to dismiss and
ordered that the “case is dismissed.” 
The other order (the “Locke Lord order”) recited that the court had
considered the Locke Lord attorneys’ motion to dismiss and ordered that “the
Plaintiffs’ and Intervenor’s allegations and causes
of action against [the Locke Lord attorneys] are hereby dismissed” and that
“Plaintiffs and Intervenor shall take nothing by
their claims asserted herein against these Defendants.”  The August 30 orders did not make express
reference to the Thompson Coe attorneys’ counterclaims.

On the same day that the orders were signed, Easton and
Whatley filed a notice of appeal in the trial court, which this court docketed
as case number 01-10-00743-CV (the “prior appeal”).  However, according to a “Notice of Withdrawal
of Appeal” that Easton and Whatley sent to the trial court clerk on August 31,
they intended to withdraw the appeal “because of a pending counterclaim, a
request for findings and conclusions, and a motion for new trial to be filed
within 30 days.”  On September 9, Easton
and Whatley filed with this court a motion to voluntarily dismiss the prior
appeal pursuant to Rule 42.1(a)(1) of the Texas Rules
of Appellate Procedure.  Referencing that
rule, this court granted the appellants’ motion and dismissed the prior
appeal.  See Whatley v. Phelan,
No. 01-10-00743-CV, 2010 WL 3833987, at *1 (Tex. App.—Houston [1st Dist.] Sept. 30, 2010, no pet.) (mem. op., per curiam).

While the prior appeal was still pending, Easton and Whatley
filed in the trial court a request for findings of fact and conclusion of law,
a motion for new trial, and a motion for sanctions against an attorney who
represented the Thompson Coe attorneys.

The trial court held a hearing on the motion for new trial on
November 8 and signed an order denying the motion the same day.  Twenty-eight days later, Easton and Whatley
filed a second notice of appeal, which is the basis for the present appeal,
purportedly from both the trial court’s August 30 orders and the November 8
denial of the motion for new trial.

The Thompson Coe attorneys and the Locke Lord attorneys filed
respective motions requesting that this court dismiss the appeal for want of
jurisdiction.  Although Easton and
Whatley initially opposed dismissal of the appeal, they subsequently filed a
conditional motion to dismiss for want of jurisdiction asserting, as they did
in the course of the prior appeal, that the trial court’s August 30 orders
did not constitute a final judgment.

Analysis

I.              
Motions to dismiss the appeal

          Although all of the parties to this
case seek dismissal of the appeal, they differ in their reasoning.  Easton and Whatley argue that this court
lacks jurisdiction because there are live claims in the trial court that were
not disposed of by the trial court’s two orders signed on August 30.  The Thompson Coe attorneys and Locke Lord
attorneys argue that the trial court’s August 30 orders constitute a final
judgment, disposing of all claims and parties, and although Easton and Whatley
filed a motion for new trial that extended the timetable for perfecting an
appeal, they nevertheless filed beyond the deadline provided by Texas Rule of
Appellate Procedure 26.1(a).

A.            
Finality of judgment

          We first examine the disputed question
of whether there is a final judgment in this case because it concerns whether
this court has jurisdiction.  Excluding
certain statutory exceptions, this court’s appellate jurisdiction is limited to
review of final judgments that dispose of all parties and claims.  Braeswood Harbor Partners & Prop. Owners v. Harris Cnty. Appraisal Dist., 69 S.W.3d 251, 252 (Tex. App.—Houston [1st Dist.]
2002, no pet.). 
Although it is presumed that a judgment after trial on the merits is
final, there is no such presumption of finality following other types of orders
dismissing claims.  See In re Burlington Coat Factory Warehouse of McAllen, Inc., 167
S.W.3d 827, 829 (Tex. 2005); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 199 (Tex. 2001).  “To determine whether an order is final,
courts and parties must examine the express language of the order and whether
the order actually disposes of all claims against all parties.”  Crites v. Collins, 284 S.W.3d 839, 840 (Tex. 2009) (per curiam).  “Because
the law does not require that a final judgment be in
any particular form, whether a judicial decree is a final judgment must be
determined from its language and the record in the case.”  Lehmann,
39 S.W.3d at 195. 
“The intent to finally dispose of the case must be unequivocally
expressed in the words of the order itself.” 
Id. at 200.

          Because the August 30 orders do not
contain any express finality language, we must determine whether they
nonetheless disposed of all claims and parties. 
Harris Cnty.
Toll Road Auth. v. S.W. Bell Tel., L.P., 263 S.W.3d 48, 54 (Tex.
App.—Houston [1st Dist.] 2006), aff’d, 282 S.W.3d 59 (Tex. 2009).  When the trial court signed the August 30
orders, there were three live pleadings. 
First, Easton and Whatley had on file an amended petition alleging fraud
against both the Thompson Coe attorneys and the Locke Lord attorneys.  To the extent that their prior pleadings
reflected additional or different claims, they were effectively dismissed upon
the filing of the amended petition.  See Tex.
R. Civ. P. 65; FKM P’ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys., 255 S.W.3d
619, 633 (Tex. 2008).  Second, the Locke
Lord attorneys had on file an answer reflecting only a general denial.  Third, the Thompson Coe attorneys had on file
an answer reflecting special exceptions, a general denial, affirmative
defenses, and counterclaims.

          The signed Locke Lord order provides
as follows:

ORDER GRANTING
LOCKE LORD DEFENDANTS’ MOTION TO DISMISS

          The Court has considered
the Special Exceptions to Plaintiffs’ and Intervenor’s
Second Amended Petition and Motion to Dismiss filed by Defendants David Cabrales, Rachel Stinson, and Locke Lord Bissell &
Liddell, LLP (f/k/a Locke Liddell & Sapp, LLP), any responses thereto, and
all other material matters and is of the opinion that the Motion to Dismiss
should be GRANTED.  It is, therefore,

          ORDERED
that the Plaintiffs’ and Intervenor’s allegations and
causes of actions against Defendants David Cabrales,
Rachel Stinson and Locke Lord Bissell & Liddell, LLP (f/k/a Locke Liddell
& Sapp, LLP) are hereby dismissed. 
Plaintiffs and Intervenor shall take nothing
by their claims asserted herein against these Defendants.

The
language of the above order dismissed Easton’s and Whatley’s “allegations and
causes of action” against the Locke Lord attorneys and ordered that they “shall
take nothing by their claims.”  The Locke
Lord attorneys, having filed a general denial, had no claims against any other
party to the suit.  See Tex. R. Civ. P.
92.  Thus, as between Easton and Whatley
and the Locke Lord attorneys, the Locke Lord order dismissed all claims against
all parties.  See Lehmann, 39 S.W.3d at 205 (“Language that the plaintiff take
nothing by his claims in the case . . .
shows finality . . . .”).

The signed Thompson Coe order provides as follows:

ORDER

          On this day, the Court
considered Defendants Shawn Phelan and
Thompson, Coe, Cousins & Irons, LLP’s Motion to
Dismiss.  Having considered the
motion, responses, the allegations made in Plaintiffs’ Second Amended Petition,
and arguments of counsel, the Court is of the opinion that the motion to
dismiss should be GRANTED.  It is
therefore,

          ORDERED
that the above-entitled case is dismissed.

The
unequivocal language of the order dismissed Whatley’s and Easton’s remaining
claims against the Thompson Coe attorneys. 
See id.  The Thompson Coe order dismissing the
“above-entitled case” did not, however, dismiss Easton’s and Whatley’s claims
against the Locke Lord attorneys; as previously noted,
the separate Locke Lord order disposed of those claims.  See id.  Still, the order’s language dismissing the
“above-entitled case” was effective to dismiss the Thompson Coe attorneys’
counterclaims.  See id. (“Language . . . that the case is dismissed, shows
finality if there are no other claims by other parties
. . . .”).  Regardless of
whether the trial court dismissed the counterclaims in error, a question that
we need not decide, we only look to the express
language of the orders and the record for the purpose of determining whether
orders are “final” and thereby triggered the timetables for filing an
appeal.  See Ritzell v. Espeche,
87 S.W.3d 536, 538 (Tex. 2002) (per curiam); Lehmann, 39 S.W.3d at 200 (stating that
if court renders summary judgment for defendant on all claims even though
defendant’s motion only requested summary judgment on one claim, “the judgment
is final—erroneous,
but final”).  We hold that the August 30
orders dismissed all live claims by and against all parties, and thus they
constitute a final judgment for the purpose of triggering the appellate
timetables.

B.            
Timeliness of notice of appeal

Because the August 30 orders constituted a final judgment and
Easton and Whatley filed a timely motion for new trial, the parties had 90 days
after the orders were signed to file a notice of appeal.  See Tex. R. App. P. 26.1(a); Farmer
v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995) (per curiam).  The 90th day following the date that the
orders were signed was Sunday, November 28, 2010.  Because the 90th day was a Sunday, the actual
deadline by which the parties should have filed a notice of appeal was the
following day, Monday, November 29.  See Tex.
R. App. P. 4.1(a).  Since Easton and Whatley filed notice of the
present appeal on December 6, the filing was untimely.

          Before filing their own motion to
dismiss this appeal, Easton and Whatley argued in response to the appellees’
motions to dismiss that, in the event that this court concludes that the notice
of appeal was untimely, we should treat their notice of appeal as a motion to
extend the time for filing an appeal. 
They assert that a court of appeals must exert jurisdiction whenever a
notice of appeal is filed within 15 days of the applicable deadline.  See
Tex. R. App. P. 26.3.

Notices of appeal filed within the 15 days of the relevant
deadline for filing such a notice are treated as implied motions for extension
of time to file notice of appeal.  Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997). 
However, contrary to Easton and Whatley’s assertion, we are not obliged
to grant an implied motion for extension filed within the 15-day grace
period.  See Tex. R. App. P.
26.3 (providing that “appellate court may
extend the time to file the notice of appeal,” emphasis added).  Whether we grant a motion for extension
hinges on whether the appellant provides a reasonable explanation for the
untimeliness of the filing, that is, a “plausible good faith justification for
filing their notice of appeal when they did.” 
Hone v. Hanafin,
104 S.W.3d 884, 887 (Tex. 2003) (per curiam); see also Tex. R. App. P. 10.5(b)(1)(C) &
26.3(b).  “Absent a finding that an
appellant’s conduct was deliberate or intentional, the court of appeals should
ordinarily accept the appellant’s explanations as reasonable.”  Hone,
104 S.W.3d at 887. 
Thus, under the liberal standard applied in these cases, any reason
short of deliberate or intentional noncompliance qualifies as reasonable.  See id.
at 886–87.  A
misunderstanding of the law and the appellate timetables may be considered a
reasonable explanation.  Garcia v. Kastner
Farms, Inc., 774 S.W.2d 668, 670 (Tex. 1989) (holding that appellant had
provided reasonable explanation when he erroneously believed that appeal bond
could only be filed after receiving trial court’s findings of fact and
conclusions of law); but see Kidd v.
Paxton, 1 S.W.3d 309, 310 (Tex. App.—Amarillo 1999, no pet.) (finding counsel’s excuse “implausible and, therefore, unreasonable”
when purported misunderstanding of law would not explain why notice of appeal
was filed 26 days beyond counsel’s hypothetically correct deadline).  For this court to grant an extension, the
appellant is not required to concede that its notice of appeal was untimely
filed.  Hone, 104 S.W.3d at 888.

On December 6, 2010, less than 30 days after the trial court
denied their motion for new trial, Easton and Whatley filed a second notice of
appeal from “the court’s Judgment signed August 30, 2010, and the denial of the
Motion for New Trial rendered on November 8, 2010.”  After the Locke Lord attorneys and Thompson
Coe attorneys filed motions for involuntary dismissal of the appeal for want of
jurisdiction, see Tex. R. App. P. 42.3(a), Easton and
Whatley maintained in a written response filed on February 14, 2011 that “[t]he
denial of the motion for new trial, by itself, is a stand
alone and appealable order which forms the basis of a point of error in
the appeal.”  In their opening brief on
the merits of this case, they allege that the trial court denied their motion
for new trial and that a “timely notice of appeal was given . . .
to the denial of the motion for new trial.” 
Moreover, in their reply brief, they state, “If this Court should now
find that the judgment is final . . . then
the appellate timetable began when the district court denied the motion for new
trial, and not before, as a timely-filed motion for new trial extends the time
period.”

From Easton and Whatley’s filings in this court, it is apparent
that they believe that the appellate timetables commence from a denial of a
motion for new trial and that filing a notice of appeal within 30 days of such
denial is timely.  Their apparent belief
is mistaken, because even when the trial court denies a motion for new trial,
the appellate timetables commence from the date that the final judgment is
signed.  See Tex. R.
App. P. 26.1(a).  Nevertheless, a mistake regarding the law is
a reasonable explanation for the purpose of deciding whether to grant an
implied motion for extension.  See Garcia, 774 S.W.2d at 670; Doe v. Brazoria Cnty.
Child Protective Servs., 226 S.W.3d
563, 571 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  Therefore, treating the notice of appeal as
an implied motion for extension of time to file a notice of appeal, we grant
the motion.  Tex. R. App. P. 26.3.

II.           
Attorney qualified immunity

          We now address the merits of this
appeal.  Easton and Whatley raise two
issues, arguing that the trial court erred, first, in dismissing their claims
upon special exceptions and, second, in denying their motion for new
trial.  The gist of the argument in
support of both issues is that they were entitled to an opportunity to amend
their pleadings before their claims were dismissed.  Easton and Whatley also appear to argue that
the qualified immunity rule only applies when the plaintiff sues the counsel of
an opposing party in the underlying suit, and that in this case they were never
adverse to the parties represented by the Thompson Coe attorneys and Locke Lord
attorneys.

          The Thompson Coe attorneys and Locke
Lord attorneys respond with substantially the same arguments.  With respect to the first issue, they argue
that the trial court properly sustained their special exceptions and dismissed
Easton’s and Whatley’s claims because the qualified immunity rule shields them
from liability to non-clients and there was no possibility of amending the
claims to overcome qualified immunity. 
They furthermore maintain that they represented parties adverse to
Easton and Whatley in the underlying litigation.  With respect to the second issue, they argue
that the trial court properly denied the motion for new trial because Easton
and Whatley did not and could not state a claim.

          “A special
exception is a proper method to determine whether a plaintiff has pleaded a
cause of action.”  Alpert v. Crain, Canton & James, P.C.,
178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).  “Generally, when the trial court sustains
special exceptions, it must give the pleader an opportunity to amend the
pleading, unless the pleading defect is of a type that amendment cannot cure.”  Baylor Univ. v. Sonnichsen, 221 S.W.3d
632, 635 (Tex. 2007).  In such a
case, the court may render a judgment dismissing the case.  See Friesenhahn v. Ryan, 960 S.W.2d 656, 658 (Tex. 1998); Alpert, 178 S.W.3d at 408.  “We review a trial court’s dismissal of a
case upon special exceptions for failure to state a cause of action as an issue
of law, using a de novo standard of review.” 
Alpert, 178
S.W.3d at 405.  “We accept all of
the plaintiff’s material factual allegations and all reasonable inferences from
those allegations as true.”  Id.

          “Texas
law has long authorized attorneys to ‘practice their profession, to advise
their clients and interpose any defense or supposed defense, without making
themselves liable for damages.’”  Renfroe v. Jones & Assocs., 947 S.W.2d 285,
287 (Tex. App.—Fort Worth 1997, writ denied) (quoting Kruegel v. Murphy, 128 S.W. 343, 345 (Tex. Civ. App.—Dallas 1910, writ ref’d)).  In
fulfilling his professional duties, “an attorney has the right to interpose
defenses and pursue legal rights that he deems necessary and proper, without
being subject to liability or damages.”  Alpert, 178 S.W.3d at
405.  Otherwise, the attorney “would
be forced constantly to balance his own potential exposure against his client’s
best interest.”  Id.  “Thus, to promote
zealous representation, courts have held that an attorney is ‘qualifiedly
immune’ from civil liability, with respect to non-clients, for actions taken in
connection with representing a client in litigation.”  Id.

          “This
qualified immunity generally applies even if conduct is wrongful in the context
of the underlying lawsuit.”  Id. 
“The immunity focuses on the type of conduct, not on whether the conduct
was meritorious in the context of the underlying lawsuit.”  Id. at 406 (citing Renfroe, 947 S.W.2d at 288); see also Chapman Children’s
Trust v. Porter & Hedges, L.L.P., 32 S.W.3d 429, 442 (Tex. App.—Houston
[14th Dist.] 2000, pet. denied). 
“[A]n attorney’s conduct, even if frivolous or
without merit, is not independently actionable if the conduct is part of the
discharge of the lawyer’s duties in representing his or her client.”  Alpert,
178 S.W.3d at 406. 
The filing of pleadings and motions—even if they are unmeritorious or frivolous—and the rendition of legal advice cannot form the factual basis of a fraud
claim against an attorney when the acts are performed within the context of
discharging duties to a client.  Id. at 408; Toles v. Toles, 113
S.W.3d 899, 910 (Tex. App.—Dallas 2003, no pet.).

          An
attorney’s immunity from liability to non-clients is not absolute.  “If a lawyer participates in independently
fraudulent activities, his actions are ‘foreign to the duties of an
attorney.’”  Alpert, 178 S.W.3d at 406 (quoting Likover v. Sunflower Terrace II, Ltd., 696 S.W.2d 468, 472 (Tex.
App.—Houston [1st Dist.] 1985, no writ). 
Thus, an attorney may be held liable for conspiracy to defraud by
knowingly assisting a client in evading a judgment through a fraudulent
transfer, see Essex Crane Rental Corp. v. Carter, No. 01-09-00813-CV, 2012 WL 1071231,
at *10 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.
h.), or by knowingly assisting a client in extorting a payment to which the
client had no legal right, see Likover, 696 S.W.2d at 473.  “In order to be held liable for conspiracy to
defraud by so assisting his client . . . the
attorney must have agreed to the injury to be accomplished, not merely the
conduct ultimately resulting in injury.” 
Essex Crane, 2012 WL 1071231,
at *10 (citing Chu v. Hong, 249
S.W.3d 441, 446–47 (Tex.
2008)).  An attorney may also be
liable for fraudulent concealment when he has a duty to inform the court and
opposing parties about material facts affecting the liability of a
non-client.  See Hennigan v. Harris Cnty.,
593 S.W.2d 380, 384–85 (Tex.
App.—Waco 1979, writ ref’d n.r.e.).  An attorney may in some circumstances be
liable to non-clients for negligent misrepresentation.  See McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787, 791
(Tex. 1999).  “A typical negligent
misrepresentation case involves one party to a transaction receiving and
relying on an evaluation, such as an opinion letter, prepared by another party’s
attorney.”  Id. at 793.  Furthermore, the qualified immunity rule does
not shield an attorney when the law specifically provides for punishment of an
attorney.  See Bradt v. West, 892 S.W.2d 56, 72
(Tex. App.—Houston [1st Dist.] 1994, writ denied) (referring to Tex. R. Civ. P. 13 & 215 and Tex. Gov’t Code
§ 21.002 as laws allowing punishment of attorneys); White v. Bayless, 32 S.W.3d 271, 276 (Tex. App.—San
Antonio 2000, pet. denied) (remarking that even if attorneys’ “actions went
beyond the bounds of ethical behavior, the remedy is public, not private”).

          Easton
and Whatley’s first issue turns on whether the petition alleged conduct by the
attorney-defendants that was undertaken to discharge their duties of legal
representation to their respective clients. 
See Renfroe,
947 S.W.2d at 288. 
“If the conduct is within this context, it is not actionable even if it
is meritless.”  Id.  The live pleading
alleged that “Defendants conspired amongst themselves and with others and
devised a scheme to defraud Plaintiffs . . . by generating, filing
and prosecuting a ‘pretend’ lawsuit in which the Defendants had as a goal to
deprive Plaintiffs of the rightful proceeds belonging to them.”  The petition further alleged that “each named
defendant lawyer within each lawyer’s respective law firm agreed to file the
pretend lawsuit with no intention of prosecuting it to a final judgment, and as
a subterfuge, to allow [the guardian] to steal the monies belonging to
Plaintiffs.”  Attached to the petition
were email messages purporting to show “that the Defendants agreed with [the
guardian] and Thompson & Coe to acquire a void Temporary Restraining Order (‘TRO’); to acquire a void Temporary Injunction (‘TI’); and to
deliberately remove the names of the Thompson & Coe lawyers from the
nefarious e-mails in the event they were caught.”  These actions constituted, according to the
petition, “the torts of actionable fraud” and were “foreign to the duties of an
attorney.”

          The
facts alleged by the petition, if taken as true, demonstrate that the
defendants’ actions were undertaken within the context of discharging duties of
representation to their respective clients. 
The filing of lawsuits and other pleadings on behalf of clients is the
kind of activity for which attorneys enjoy qualified immunity.  See
Alpert, 178 S.W.3d at 408.  The petition does not allege any facts that
would support a finding of liability based upon an independently fraudulent activity,
a duty owed to the plaintiffs, negligent misrepresentation, or a particular law
allowing for punishment of attorneys, which are claims that non-clients may
assert against attorneys.  See McCamish, 991 S.W.2d at 791; Alpert,
178 S.W.3d at 408; Bradt,
892 S.W.2d at 72.  Accordingly, we hold
that the petition failed to state a claim overcoming the qualified immunity
rule.  See Alpert, 178 S.W.3d at 408; see also Bosch v. Armstrong, No.
01-08-00847, 2009 WL 1635318, at *4 (Tex. App.—Houston [1st Dist.] June 11, 2009, pet. denied) (mem. op.) (affirming summary judgment in favor of attorneys
sued for fraud and other claims because qualified immunity rule precluded
suit); Dixon Fin. Servs.,
Ltd. v. Greenberg, Peden, Siegmyer,
Oshman, P.C., No. 01-06-00696-CV, 2008 WL 746548,
at *11 (Tex. App.—Houston [1st Dist.] Mar. 20,
2008, pet. denied) (mem.
op.) (same).

          Generally,
a trial court must give the pleader an opportunity to replead
defective claims before dismissing them upon special exceptions.  See
Baylor Univ., 221 S.W.3d at 635; Friesenhahn, 960
S.W.2d at 658.  However, the opportunity
to amend is available only when the defect is curable.  See
Baylor Univ., 221 S.W.3d at 635.  In this case, the petition reveals that the
alleged factual basis underlying the suit is that the Locke Lord attorneys and
the Thompson Coe attorneys filed a “pretend lawsuit” and procured a void
temporary restraining order and a void temporary injunction.  As previously noted, when attorneys file
suits and pleadings in the course of representing clients, they enjoy qualified
immunity from liability to non-clients. 
Given that the alleged acts of the attorney-defendants in this case
consisted of filing suits and pleadings on behalf of their clients, amendment
of the pleadings would not “cure” the underlying facts triggering qualified
immunity.  See Alpert, 178 S.W.3d at 408 (affirming dismissal of
conspiracy-to-defraud claim upon attorney’s special exceptions when the
attorney’s alleged acts included filing lawsuits and alleging baseless
claims).  We accordingly hold that the
trial court did not err in dismissing Easton’s and Whatley’s claims without
allowing an opportunity to amend.  See id.; see also Baylor Univ., 221 S.W.3d 635–36 (affirming trial court’s dismissal upon special exceptions of
breach-of-contract claim barred by statute of frauds).

          We do
not decide, nor do we need to decide, whether the Thompson Coe attorneys and
Locke Lord attorneys represented “opposing parties” with respect to Easton and
Whatley.  Regardless of whether Easton
and Whatley could be characterized as opposing parties, this “is a distinction
without a difference” because “[t]he rationale for the rule insulating a lawyer
from liability . . . is equally applicable
to actions brought by third-parties who did not participate in the underlying
litigation.”  Miller v. Stonehenge/Fasa-Texas,
JDC, L.P., 993 F. Supp. 461, 464 n.2 (N.D. Tex. 1998).  “The threat of liability from any source could potentially deter a
lawyer from exercising independent professional judgment on behalf of her
client.”  Id. (emphasis in original); accord
Dixon Fin. Servs.,
2008 WL 746548, at *11.  Easton and
Whatley’s arguments stressing the opposing-party distinction are therefore
unmeritorious.

          We
overrule Easton and Whatley’s first issue.

III.        
Motion for new trial

Easton and Whatley also challenge
on appeal the trial court’s denial of their motion for new trial.  A trial court may set aside a judgment and
grant a new trial for good cause.  Tex. R. Civ. P. 320.  Denial of a motion for new trial is reviewed
for abuse of discretion.  Waffle House, Inc. v.
Williams, 313 S.W.3d 796, 813 (Tex. 2010); Velasco v. Alaya, 312 S.W.3d 783, 791
(Tex. App.—Houston [1st Dist.] 2009, no pet.).  A trial court abuses its discretion if it
acts without reference to any guiding rules or principles or fails to correctly
analyze or apply the law.  Celestine v. Dep’t of Family &
Protective Servs., 321 S.W.3d
222, 235 (Tex. 2010); Velasco, 312
S.W.3d at 791.

The trial court did not err in
dismissing Easton’s and Whatley’s claims upon special exceptions without
allowing them an opportunity to amend because no amendment would cure the
defect.  Thus, the dismissals in this
case comported with the law regarding special exceptions.  See
Baylor Univ., 221
S.W.3d at 635; Alpert, 178
S.W.3d at 408.  Accordingly, Easton and
Whatley did not show in their motion for new trial any good cause, and we hold
that the trial court did not abuse its discretion in denying the motion.  See
Waffle House, 313 S.W.3d at 813; Tex.
R. Civ. P. 320.

We overrule Easton and Whatley’s
second issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                      Michael
Massengale

                                                                      Justice


 

Panel
consists of Justices Jennings, Massengale, and Huddle.