

# NUMBER 13-19-00598-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ESTATE OF L.R.M., DECEASED

On appeal from the County Court at Law
of San Patricio County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Justice Hinojosa**

Appellees Delfino and Abraham Moreno (the Morenos) brought claims against appellants Brenda and Edwin Baker (the Bakers), alleging that the Bakers acted fraudulently in providing estate planning legal services. The Bakers filed a motion to dismiss the Morenos' claims pursuant to the Texas Citizens Participation Act (TCPA), which the trial court denied. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. In one issue, the Bakers argue the trial court erred in denying their motion to dismiss. We affirm in part and reverse and remand in part.

I.     BACKGROUND

The Bakers are attorneys in the law office of Baker & Baker, PC. They prepared the Last Will and Testament (the will) for Lucia Rangel Moreno. Lucia[1] executed the will on July 11, 2018. Edwin and another person witnessed Lucia's execution of the will, each attesting that Lucia was of sound mind. The will appointed Lucia's daughter San Juanita Moreno Hernandez as the independent executrix, bequeathed Lucia's entire estate to Hernandez, and expressly revoked Lucia's prior wills. The Bakers also assisted Lucia in the preparation and execution of a "Remainder Interest Deed with Enhanced Life Estate Reserved" (the deed). Lucia passed away on November 21, 2018. The Bakers later filed an application for probate of will as muniment of title on behalf of Hernandez.[2] On February 27, 2019, following a hearing, the trial court signed an order admitting the will to probate as muniment of title.

On March 12, 2019, Delfino and Abraham Moreno, Lucia's son and grandson, filed a motion to vacate probate of the estate as muniment of title. Within the motion, the Morenos alleged claims of fraud against the Bakers.[3] Specifically, the Morenos alleged that the Bakers knew that Lucia lacked the capacity to execute the will and deed and that

---

[1] We refer to Lucia by her first name because she shares a surname with appellees.

[2] Section 257.001 of the Texas Estates Code provides that:

A court may admit a will to probate as a muniment of title if the court is satisfied that the will should be admitted to probate and the court: (1) is satisfied that the testator's estate does not owe an unpaid debt, other than any debt secured by a lien on real estate; or (2) finds for another reason that there is no necessity for administration of the estate.

TEX. EST. CODE ANN. § 257.001.

[3] The Morenos also alleged claims against Hernandez. However, those claims are not before us in this appeal.

the Bakers acted fraudulently in having Lucia execute the documents and in representing in the probate proceedings that Lucia had the capacity to do so. The Morenos alleged that the Bakers' actions caused them to be disinherited. They requested damages, attorney's fees, and sanctions. The Morenos attached the following evidence to their motion: (1) Lucia's medical records which indicated that Lucia was hospitalized and suffering from dementia when she executed the will and deed; (2) Lucia's prior will which devised property to both Hernandez and Abraham and appointed Delfino as the executor of her estate; and (3) two prior revocable deeds transferring Lucia's property on her death.

The Bakers answered, and they later filed a TCPA motion to dismiss the claims. In their motion, the Bakers argued that the Morenos' claims constituted a legal action based on, related to, or in response to the Bakers' exercise of the right to petition. *See id.* § 27.003(a). Therefore, the Bakers asserted that the claims were subject to the TCPA and that the Morenos were required to establish the essential elements of their claims by clear and specific evidence to avoid dismissal. *See id.* § 27.003(c). The Bakers further argued that they were entitled to dismissal under the TCPA pursuant to the attorney immunity affirmative defense. *See id.* § 27.005(d). The Bakers supported the motion with the affidavit of Brenda and the transcript of the hearing on the application for probate of the will as muniment of title. In her affidavit, Brenda attested that Baker & Baker represented Lucia concerning her estate planning and the final disposition of her assets. Brenda testified that this representation included the execution of the will. Brenda further stated that Baker & Baker represented Hernandez regarding her application for probate of the will as muniment of title.

3

The Morenos filed a response to the motion to dismiss along with supplemental briefing which relied on the evidence filed with the motion to vacate. The Bakers then filed a reply. Following a non-evidentiary hearing, the trial court signed an order denying the Bakers' motion to dismiss. This interlocutory appeal followed. *See id.* § 51.014(a)(12).

## II. DISCUSSION

In their sole issue, with multiple subparts, the Bakers argue that the trial court erred in denying their TCPA motion to dismiss because (a) the TCPA applies to the Morenos' claims, (b) the Morenos failed to establish by clear and specific evidence a prima facie case for each element of their claims, and (c) the Bakers established each element of their affirmative defense of attorney immunity[4] by a preponderance of the evidence.

### A. Standard of Review & Applicable Law

"The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding). Under the statute, a defendant may file a motion to dismiss, subject to expedited review, for "any suit that appears to stifle the defendant's" exercise of those rights. *Id.* at 584; *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). A trial court reviews a TCPA motion to dismiss using a three-step analysis. First, the moving party must show by a preponderance of the evidence that the TCPA applies to the legal action against it.[5] TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the movant meets this

---

[4] The Bakers also argue that they established the judicial proceedings privilege affirmative defense. However, they did not raise this argument in their motion to dismiss. Therefore, they have not preserved this argument for appeal. *See* TEX. R. APP. P. 33.1(a).

[5] The Legislature amended the TCPA in 2019, and the amended version of the statute applies to actions filed on or after September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Gen. Laws 684 (codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001, .003, .005-.007, .0075, .009-

burden, then the nonmovant must establish by clear and specific evidence a prima facie case for each essential element of its claim to avoid dismissal. *Id.* § 27.005(c). However, even if the nonmovant satisfies this requirement, the trial court must still dismiss a claim if the movant proves each essential element of a valid defense by a preponderance of the evidence. *Id.* § 27.005(d); *see Youngkin*, 546 S.W.3d at 679–80. We review de novo a trial court's ruling on a TCPA motion to dismiss. *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019).

**B.    TCPA Applicability**

First, we examine whether the Bakers established that the TCPA applies to the Morenos' claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). A party may invoke the TCPA dismissal procedure if that party shows by a preponderance of the evidence that the legal action against it "is based on, relates to, or is in response to" the party's exercise of the right of free speech, to petition, or to associate. *Id.* § 27.003(a); *see id.* § 27.005(b). The Bakers contend that the Morenos' claims are based on the Bakers' exercise of their right to petition.

The "exercise of the right to petition" includes "a communication in or pertaining to . . . a judicial proceeding." *Id.* § 27.001(4)(A). A "communication" is broadly defined as "the making or submitting of a statement or document in any form or medium." *Id.* § 27.001(1). In reconciling these statutory definitions, the Texas Supreme Court has concluded that "the TCPA applies to a legal action against a party that is based on, related

---

.010). Because the Morenos' claims were filed before September 1, 2019, the amendments do not apply, and all citations to the TCPA in this opinion are to the former version of the statute. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 129 (Tex. 2019).

to, or in response to the party's making or submitting of a statement or document in or pertaining to a judicial proceeding." *Youngkin*, 546 S.W.3d at 680. "[T]he ordinary meaning of 'a judicial proceeding' is an actual, pending judicial proceeding." *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 429 (Tex. App.—Dallas 2019, pet. denied) (quoting *Levatino v. Apple Tree Cafe Touring, Inc.*, 486 S.W.3d 724, 728–29 (Tex. App.—Dallas 2016, pet. denied)).

In *Youngkin*, the court concluded that the TCPA applied to claims by a nonclient against an attorney based on the attorney's alleged handling of the terms of a settlement agreement. 546 S.W.3d at 678–79. The court explained that the attorney exercised the right to petition by making a statement in a judicial proceeding. *Id.* at 680. It reasoned that the attorney's "alleged liability stems from his dictation of the Rule 11 agreement into the court record during trial. By any common understanding of the words, he made a statement in a judicial proceeding." *Id.*

Like the attorney's conduct in *Youngkin*, the Bakers' filing of the application to probate Lucia's will and any statements made in the probate proceedings constitute the the "making or submitting of a statement or document in or pertaining to a judicial proceeding." *See id.*; *see also Smith Robertson, L.L.P. v. Hamlin*, No. 03-18-00754-CV, 2019 WL 3023304, at *2 (Tex. App.—Austin July 11, 2019, pet. denied) (mem. op.) (concluding that the TCPA applied where attorneys were exercising the right to petition on behalf of their clients). Therefore, we conclude that the Bakers met their burden to demonstrate the TCPA's application to the Morenos' claims implicating such conduct. *See Hall*, 579 S.W.3d at 377; *Youngkin*, 546 S.W.3d at 680.

6

However, the same cannot be said regarding the Morenos' claims relating to the preparation and execution of the estate planning documents. While these actions constitute the making or submitting of a statement or document, there was no pending judicial proceeding when the conduct occurred. *See QTAT BPO Sols., Inc. v. Lee & Murphy Law Firm, G.P.*, 524 S.W.3d 770, 778 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (holding that "pre-suit communication with attorney . . . was not made in or pertaining to a judicial proceeding"); *Levatino*, 486 S.W.3d at 728–29 (holding that a "judicial proceeding" is a proceeding that has been "commenced" or "initiated"; therefore, demand letters do not fall within scope of TCPA). Accordingly, we conclude that the Bakers failed to establish the TCPA's applicability to the Morenos' claims concerning the preparation and execution of the will and deed. *See Hall*, 579 S.W.3d at 377. Therefore, the trial court did not err in denying the Bakers' motion to dismiss as to those claims.

C.    **Entitlement to Dismissal**

Having established the applicability of the TCPA to the Morenos' claims regarding the probate proceedings, the Bakers shifted the burden to the Morenos to establish by clear and specific evidence a prima facie case for each essential element of those claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). If the Morenos were to meet this burden, the Bakers would still be entitled to dismissal if they proved each essential element of a valid defense by a preponderance of the evidence. *See id.* § 27.005(d); *Youngkin*, 546 S.W.3d at 679–80. Assuming without deciding that the Morenos have established a prima facie case, we nevertheless conclude that the Bakers are entitled to dismissal of the claims covered by the TCPA because they concern conduct protected by

attorney immunity.

"Attorney immunity is a 'comprehensive affirmative defense protecting attorneys from liability to non-clients.'" *Landry's, Inc. v. Animal Legal Def. Fund*, ___ S.W.3d ___, __, No. 19-0036, 2021 WL 2021130, at *3 (Tex. May 21, 2021) (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)). The "attorney-immunity defense is intended to ensure 'loyal, faithful, and aggressive representation by attorneys employed as advocates.'" *Cantey Hanger*, 467 S.W.3d at 481 (quoting *Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.—Dallas 2000, pet. denied)). The defense provides immunity from liability to nonclients for conduct within the scope of an attorney's representation of his clients. *Youngkin*, 546 S.W.3d at 681. This inquiry "focuses on the *kind* of conduct at issue rather than the *alleged wrongfulness* of said conduct." *Id.* In other words, a lawyer is no more susceptible to liability for certain conduct merely because it is alleged to be fraudulent or otherwise wrongful. *Id.* However, attorney immunity does not apply to all actions taken pursuant to the representation of a client. *Landry's*, 2021 WL 2021130, at *3. Rather, the conduct must "constitute[] the provision of 'legal' services involving the unique office, professional skill, training, and authority of an attorney." *Haynes & Boone, LLP v. NFTD, LLC*, ___ S.W.3d ___, __, No. 20-0066, 2021 WL 2021453, at *10 (Tex. May 21, 2021). Attorney immunity "applies in all adversarial contexts in which an attorney must zealously and loyally represent his or her client, so long as the conduct constitutes the 'kind' of conduct attorney immunity protects." *Id.* at *11.

Further, attorney immunity will not apply to conduct that is not "part of the discharge" of a "lawyer's duties in representing his or her client." *Landry's*, 2021 WL

8

2021130, at *8 (quoting *Cantey Hanger*, 467 S.W.3d at 481). Certain attorney conduct, "even if it occurred during a lawsuit, would be actionable because it does not involve the provision of legal services and would thus fall outside the scope of client representation." *Cantey Hanger*, 467 S.W.3d at 482. For example, attorney immunity will not protect a lawyer when his "acts are entirely foreign to the duties of an attorney." *Id.* (quoting *Poole v. Hous. & T.C. Ry.*, 58 Tex. 134, 137 (1882)).

In *Cantey Hanger*, the plaintiff alleged that the attorneys who represented her then-husband in a divorce proceeding committed fraud by falsifying a bill of sale to shift tax liabilities from the sale of an airplane from her husband to her. 467 S.W.3d at 479–80. The Texas Supreme Court held that attorney immunity barred the claim because "[e]ven conduct that is 'wrongful in the context of the underlying suit' is not actionable if it is 'part of the discharge of the lawyer's duties in representing his or her client.'" *Id.* at 481 (quoting *Toles v. Toles*, 113 S.W.3d 899, 910–11 (Tex. App.—Dallas 2003, no pet.)). Because the attorneys' alleged conduct "was within the scope of its representation" of their client and "was not foreign to the duties of an attorney," the court held that the attorneys were "protected by attorney immunity." *Id.* at 485.

The Morenos' claims implicating the Bakers' conduct in probating the will are similar in nature to those presented in *Cantey Hanger* in that the allegedly fraudulent conduct occurred within the scope of the Bakers' representation of Hernandez. *See id.* When applied in this context, the attorney-immunity defense ensures "'loyal, faithful, and aggressive representation by attorneys employed as advocates.'" *Id.* (quoting *Mitchell*, 10 S.W.3d at 812). And "[m]erely labeling an attorney's conduct 'fraudulent' does not and

9

should not remove it from the scope of client representation[.]" *Id.* at 483. Rather, the kind of conduct at issue—representing an independent executrix in probate proceedings—constitutes the provision of legal services "involving the unique office, professional skill, training, and authority of an attorney." *Haynes & Boone,* 2021 WL 2021453, at *10. This conduct also occurred in the adversarial context of a probate proceeding, in which potential beneficiaries are contesting the will. *See id.* at *11.

For the foregoing reasons, we conclude that the Bakers established the attorney immunity defense by a preponderance of the evidence with respect to those claims covered by the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d); *see Youngkin*, 546 S.W.3d at 679–80. Therefore, the trial court erred in denying the motion to dismiss as to those claims. We sustain in part the Bakers' sole issue.

### III. CONCLUSION

We reverse that part of the trial court's order denying the motion to dismiss those claims implicating the Bakers' conduct in probating the will, and we remand the case to the trial court for further proceedings as required by the statute and to order dismissal of those claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009. We affirm the remainder of the trial court's order.[6]

LETICIA HINOJOSA
Justice

Delivered and filed on the
18th day of November, 2021.

---

[6] Our resolution of this appeal concerns only those claims raised against the Bakers. We do not address the merits of the motion to vacate probate of the estate as muniment of title.