COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ROBERTS MARKEL WEINBERG BUTLER HAILEY PC, | § | No. 08-23-00323-CV |
| | § | Appeal from the |
| Appellant, | | |
| | § | 224th Judicial District Court |
| v. | | |
| | § | of Bexar County, Texas |
| LYNN MADISON, | | |
| | § | (TC# 2023CI09527) |
| Appellee. | | |
| | § | |

## MEMORANDUM OPINION[1]

Appellant, Roberts Markel Weinberg Butler Hailey PC (RMWBH), a Texas law firm,

appeals from the trial court's order denying its motion to dismiss under the Texas Citizens

Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011. RMWBH contends

the trial court erred in denying its motion to dismiss on its merits, and in doing so, it also erred in

denying its request for attorney's fees. Because we conclude the law firm is entitled to dismissal,

we reverse the trial court's order and remand the case for further proceedings.

---

[1] The appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

# FACTUAL BACKGROUND

Appellee Lynn Madison owns a home in the Talise De Culebra neighborhood of San Antonio. Her tract of land is encumbered by a Declaration of Covenants, Conditions and Restrictions (Covenants), which are generally enforced by the Talise De Culebra Home Owners' Association, Inc. (the HOA).

This dispute involves two lawsuits. First, the HOA filed suit against Madison (the First Lawsuit). In that suit, RMWBH provided legal representation to the HOA. Second, Madison in turn filed suit against both RMWBH and the HOA (the Current Lawsuit). Relevant to this appeal, RMWBH filed a motion to dismiss the Current Lawsuit against it under the TCPA.

## A. The first lawsuit

On March 29, 2021, the HOA sued Madison alleging she had breached restrictive covenants by failing to pay assessments and other charges. The HOA sought a judgment for all amounts due and owing. It also contended that restrictive covenants reserved a lien on Madison's property. It further asserted it was entitled to foreclosure of its lien. Relatedly, on December 22, 2022, the HOA filed a Notice of Lis Pendens against Madison's property giving notice of the pending suit to recover delinquent assessments.

## B. The current lawsuit

On May 12, 2023, Madison filed her own suit against RMWBH and the HOA. Madison raised the following causes of action, all of which are premised on her allegation that the notice of lis pendens was wrongfully filed: (1) violations of the federal Fair Debt Collection Practices Act against only RMWBH, (2) violations of the Texas Debt Collection Act against RMWBH and the HOA, (3) violations of the Texas Fraudulent Lien Statute against only RMWBH, and (4) suit to quiet title. Under the doctrine of respondeat superior, Madison alleged the HOA was responsible

for the acts of its agent RMWBH. Finally, she requested a declaratory judgment that the notice of lis pendens was wrongfully filed.

Two months later, RMWBH and the HOA filed their motion to dismiss. After Madison filed a response, RMWBH and the HOA replied. The HOA later gave notice that it withdrew its claims as outlined in the joint TCPA motion to dismiss, but only as to the HOA. On September 12, 2023, the trial court conducted a hearing on RMWBH's motion to dismiss and signed an order denying the motion a month later. This interlocutory appeal by RMWBH ensued. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (allowing interlocutory appeals from the denial of such motions to dismiss).

## ISSUES ON APPEAL

RMWBH brings two issues on appeal. First, it argues the trial court erred in denying its motion to dismiss under the TCPA because: (1) it established Madison's Current Lawsuit was based on, or in response to, RMWBH's constitutionally protected right to petition; (2) that Madison did not satisfy her burden to establish a prima facie case for each essential element of her claims; and (3) that RMWBH established valid defenses to Madison's claims. Second, it argues that, because the trial court erred in denying RMWBH's motion to dismiss under the TCPA, it also erred in denying RMWBH's request for attorney's fees.

We address each issue in turn.

## THE TCPA'S THREE-STEP FRAMEWORK

The purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002. We

3

construe the TCPA "liberally to effectuate its purpose and intent fully." *Id.* § 27.011(b); *State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018).

Under the TCPA, a party may file a motion to dismiss a legal action if the "legal action is based on or is in response to [that] party's exercise of the right of free speech, right to petition, or right of association[.]" Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). The filing of a TCPA motion to dismiss triggers a three-step resolution process, with shifting burdens. In the first step, the movant has the burden to show the TCPA applies. *See id.* § 27.005(b). To meet this burden, the movant must demonstrate that the nonmovant's legal action is based on or is in response to the movant's exercise of a right to associate, speak freely, or petition. *Id.* § 27.005(b)(1). If the movant meets its initial burden, the second step next provides that the burden shifts to the party bringing the legal action to establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmovant satisfies its burden, the third and final step provides that the burden shifts back to the movant to establish a valid affirmative defense or other ground on which the movant is entitled to judgment as a matter of law. *Id.* § 27.005(d).

## STANDARD OF REVIEW

We review de novo whether the parties have met their respective TCPA burdens. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019); *Whataburger Restaurants LLC v. Fuentes*, No. 08-23-00017-CV, 2023 WL 5808849, at *4 (Tex. App.—El Paso Sept. 7, 2023, no pet.) (mem. op.) ("Whether the TCPA applies to a legal action is an issue of statutory interpretation that we review de novo."). In making this determination, § 27.006(a) provides that: "the court shall consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a); *Whataburger*

4

*Restaurants*, 2023 WL 5808849, at *4 (holding same); Tex. R. Civ. P. 166a(c) (stating evidence trial court may consider in summary judgment proceeding). A plaintiff's pleadings are usually "the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). "When it is clear from the plaintiff's pleadings that the action is covered by the [TCPA], the defendant need show no more." *Id.* "When a legal action is in response to both expression protected by the TCPA and other unprotected activity, the legal action is subject to dismissal only to the extent that it is in response to the protected conduct, as opposed to being subject to dismissal in its entirety." *Walker v. Hartman*, 516 S.W.3d 71, 81 (Tex. App.—Beaumont 2017, pet. denied).

"[A] TCPA motion to dismiss is not a trial on the merits and is not intended to replace either a trial or the summary judgment proceeding established by the Texas Rules of Civil Procedure." *Stallion Oilfield Servs. Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 215 (Tex. App.—Eastland 2019, pet. denied); *see also West v. Quintanilla*, 573 S.W.3d 237, 243 n.9 (Tex. 2019) ("A finding that [nonmovant] has met his TCPA burden does not establish that his allegations are true."). Therefore, based on the required standard of review, we do not resolve any disputed facts in the Current Lawsuit involving allegations of whether the notice of lis pendens here was wrongfully filed.

## THE TCPA'S APPLICABILITY

We begin our analysis with the threshold question of whether the Act applies to the case before us. RMWBH had the initial burden to show that Madison's "legal action" was based on or in response to an exercise of its right to petition.

5

## A. The legal action

As relevant to this case, the TCPA applies "[i]f [Madison's] legal action is based on or is in response to [RMWBH's] exercise of the . . . right to petition[.]" Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). A "legal action" is defined as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.* § 27.001(6). "A 'legal action' can consist of an entire lawsuit or a subsidiary action such as a counterclaim." *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131 (Tex. 2019). Here, the parties generally agree both, that the Current Lawsuit is a legal action, and that RMWBH's filing of the First Lawsuit encompassed an exercise of its "right to petition." Thus, our focus in the first analytical step is narrowed to considering whether RMWBH carried its burden to establish that the Current Lawsuit was filed in response to RMWBH's exercise of its right to petition.

As relevant,"[w]hether a claim is based on or in response to a party's exercise of the right to petition requires us to determine . . . whether the party makes a communication; and . . . whether such communication is made in or pertaining to, a judicial proceeding[.]" *Yu v. Koo*, 633 S.W.3d 712, 724 (Tex. App.—El Paso 2021, no pet.); Tex. Civ. Prac. & Rem. Code Ann. § 27.001(4)(A)(i) ("'Exercise of the right to petition' means . . . a communication in or pertaining to . . . a judicial proceeding"). As defined by the TCPA, communication includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1). As described by the Texas Supreme Court, the term encompasses "[a]lmost every imaginable form of communication, in any medium[.]" *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018). Focusing

6

on these terms, the parties' dispute is more narrowly focused on whether the notice of lis pendens filed of record qualified as a "communication" within the scope of the TCPA.

### B. Analysis

In responding to the motion to dismiss, Madison asserted RMWBH failed to carry its initial burden because, she claimed, the TCPA does not apply to protect conduct alone. To this extent, Madison appears to argue that the *filing* of the notice of lis pendens amounted to "conduct," not "communication." In such case, "when a claim does not allege a communication, and is instead based on a defendant's conduct, the TCPA is not implicated." *Pacheco v. Rodriguez*, 600 S.W.3d 401, 410 (Tex. App.—El Paso 2020, no pet.); *see also Shopoff Advisors, L.P. v. Atrium Circle, GP*, No. 04-20-00310-CV, 2021 WL 2669337, at *4 (Tex. App.—San Antonio June 30, 2021, no pet.) (mem. op.) (filing of lis pendens in litigation context did not invoke TCPA because claims were based on conduct, i.e., failure to release lis pendens in accordance with an arbitration award and judgment confirming arbitration award).

Turning to her pleading, Madison brought the Current Lawsuit based in part on her contention that RMWBH wrongfully filed a notice of lis pendens. She urged the notice gave the public the impression her property was encumbered by litigation relating to her property's title; and, by filing that notice, that RMWBH engaged in false and misleading representations of the character, amount, or legal status of a debt, which falsely represented the nature of its suit. In short, Madison's complaints centered on the information communicated in the notice of lis pendens, which stated as follows:

> This action seeks: (a) recovery of delinquent assessments, interest and other charges authorized by the applicable restrictive covenants and/or state law; and (b) an order foreclosing plaintiff's lien for all such delinquent charges that are secured by the plaintiff's lien on the property per the applicable restrictive covenants.

7

Based on our review of Madison's pleadings, however, we conclude the notice of lis pendens filed by RMWBH did qualify as "communication" within the scope of the TCPA. *See Ireland Fam. Ltd. P'ship v. Solow*ay, No. 09-22-00192-CV, 2023 WL 2534062, at *7 (Tex. App.— Beaumont Mar. 16, 2023, pet. denied) (mem. op.) (holding the allegations in plaintiff's live pleading showed their breach of contract and fraudulent lien claims were actually based on or in response to defendant's filing of its lawsuit and lis pendens); *Smith v. Arrington*, No. 07-19-00393-CV, 2021 WL 476339, at *4 (Tex. App.—Amarillo Feb. 9, 2021, pet. denied) (mem. op.) (concluding lis pendens was a "communication related to a judicial proceeding" and implicated movant's right to petition); *Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.—Austin 2015, no pet.) (concluding nonmovants' tortious-interference counterclaim was in part based on, related to, or in response to movant's filing of the suit and their fraudulent-lien counterclaim was based on, related to, or in response to movant's filing of the lis pendens, both of which filings are exercises of movant's "right to petition" as the TCPA defines the term.); *James v. Calkins*, 446 S.W.3d 135, 147 (Tex. App.—Houston [1st Dist.] 2014, pet. denied), *abrogated on other grounds, Montelongo v. Abrea*, 622 S.W.3d 290 (Tex. 2021) (holding TCPA applied to suit between family members over lis pendens clouding title to property within their mother's estate).

When, as here, it is clear from Madison's pleadings that the Current Lawsuit is covered by the TCPA, RMWBH, as a defendant, "need show no more." *Hersh*, 526 S.W.3d at 467. Therefore, RMWBH satisfied its initial burden to show the Current Lawsuit was based on or in response to RMWBH's exercise of its right to petition.

## RMWBH'S ENTITLEMENT TO DISMISSAL

Because we hold the TCPA applies, the analytical framework requires a second and third step before we can determine whether RMWBH is entitled to dismissal under the Act. In the

second step, the burden shifts to Madison to establish—by clear and specific evidence—a prima facie case for each essential element of her various claims. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). If that burden is met, the burden would then shift back to RMWBH, as a third and final step, to establish—by a preponderance of the evidence—the essential elements of any valid defenses to asserted claims. *Id.* § 27.005(d). To this extent, RMWBH asserted a defense of attorney immunity against all claims, arguing that, at all times relevant, it was acting in its capacity as legal counsel for the HOA. For our purposes, we will assume, but not decide that Madison met her second-step burden as to each of her claims. RMWBH's entitlement to dismissal, then, hinges on whether the firm met its third-step burden of establishing attorney immunity as a matter of law as to all claims. *See* Tex. R. App. P. 47.1 (providing that courts of appeals must hand down a written opinion that is as brief as practicable but addressing every issue raised and necessary to final disposition of the appeal).

As a general rule, attorneys are "immune from civil liability to non-clients for actions taken in connection with representing a client in litigation." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015); *see also Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018). Attorney immunity applies when the challenged conduct is the "kind of conduct in which an attorney engages when discharging his duties to his client." *Cantey Hanger*, 467 S.W.3d at 482 (citation omitted). "Put differently, an attorney may be liable to nonclients only for conduct outside the scope of his representation of his client or for conduct foreign to the duties of a lawyer." *Youngkin*, 546 S.W.3d at 681.

"In determining whether conduct is 'the kind' immunity protects, the inquiry focuses on the *type* of conduct at issue rather than the alleged wrongfulness of that conduct." *Taylor v. Tolbert*, 644 S.W.3d 637, 646 (Tex. 2022) (emphasis in original). "Because immunity focuses on the type

9

of conduct, it may apply even to unsound or unmeritorious conduct." *Turner v. Williams*, No. 01-17-00494-CV, 2019 WL 922057, at \*7–8 (Tex. App.—Houston [1st Dist.] Feb. 26, 2019, no pet.) (mem. op.). "Even conduct that is 'wrongful in the context of the underlying suit' is not actionable if it is 'part of the discharge of the lawyer's duties in representing his or her client.'" *Cantey Hanger*, 467 S.W.3d at 481 (citations omitted).

"A corollary to this principle is that attorneys will not be entitled to civil immunity for conduct that is 'entirely foreign to the duties of an attorney.'" *Tolbert*, 644 S.W.3d at 646. "'Foreign to the duties' does not mean something a good attorney should not do; it means that the attorney is acting outside his or her capacity and function as an attorney." *Id.* "For that reason, whether counsel may claim the privilege turns on the task that was being performed, not whether the challenged conduct was meritorious." *Id.* at 646–47. Although attorney immunity is broad, it is not absolute. *See Easton v. Phelan*, No. 01-10-01067-CV, 2012 WL 1650024, at \*8 (Tex. App.—Houston [1st Dist.] May 10, 2012, no pet.) (mem. op.). Attorney immunity will not shield "independently fraudulent activities." *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 406 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). However, merely labeling an attorney's conduct "fraudulent" does not and should not remove it from the scope of client representation or render it "foreign to the duties of an attorney." *Id.* "Fraud is not an exception to attorney immunity; rather, the defense does not extend to fraudulent conduct that is *outside* the scope of an attorney's legal representation of his client, just as it does not extend to other wrongful conduct outside the scope of representation." *Cantey Hanger*, 467 S.W.3d at 484 (emphasis added).

As stated earlier, Madison's claims against RMWBH are premised on her allegation that the notice of lis pendens was wrongfully filed. To an extent, courts have recognized that, even if

an attorney's conduct is wrongful, that conduct may still fall within the scope of client representation. "Under Texas law, attorneys cannot be held liable for wrongful litigation conduct." *Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 288 (Tex. App.—Fort Worth 1997, writ denied) (holding attorneys were not liable to opposing parties for filing a wrongful garnishment action). Madison's sole contention against RMWBH's immunity defense is based on an assertion that her claim is predicated on RMWBH's role as a "debt collector," not as attorneys. For two reasons, however, we reject Madison's reliance on RMWBH's alleged status as a debt collector to defeat attorney immunity.

First, Madison's assertion that RMWBH is a debt collector relies on her contention that the Texas Debt Collection Act requires anyone meeting the definition of a "third-party debt collector" to obtain a surety bond issued by a surety company authorized to do business in Texas and file it with the Texas Secretary of State. *See* Tex. Fin. Code Ann. § 392.101(a). She alleges that RMWBH maintains a bond on file with the Texas Secretary of State. As "evidence" of this bond, she embedded in her response to the motion to dismiss what appears to be a screenshot from the Texas Secretary of State website that includes a bond number. Madison contends that, based on this screenshot, RMWBH is a debt collector. However, the screenshot does not otherwise indicate the purpose of the bond, in whose favor the bond runs, or the amount of the bond. *See* Tex. Fin. Code Ann. § 392.101(b)(2), (c) ("The bond must be in favor of . . . this state for the benefit of any person who is damaged by a violation of this chapter[, and the] bond must be in the amount of $10,000."). Accordingly, we conclude this circumstantial evidence is too meager to allow a fact-finder to infer that RMWBH is a debt collector. *City of Keller v. Wilson*, 168 S.W.3d 802, 813 (Tex. 2005) ("In claims or defenses supported only by meager circumstantial evidence, the

11

evidence does not rise above a scintilla (and thus is legally insufficient) if jurors would have to guess whether a vital fact exists.").

Second, a "third-party debt collector" means:

a debt collector, as defined by 15 U.S.C. Section 1692a(6), but *does not include an attorney collecting a debt as an attorney on behalf of and in the name of a client unless the attorney has nonattorney employees who*:

(A)   are regularly engaged to solicit debts for collection; or

(B)   regularly make contact with debtors for the purpose of collection or adjustment of debts.

Tex. Fin. Code Ann. § 392.001(7) (emphasis added). Madison provides no evidence that RMWBH satisfies the definition of a "third-party debt collector."

Accordingly, meritorious or not, the type of conduct alleged by Madison falls squarely within the scope of RMWBH's representation of the HOA in the First Lawsuit.[2] Therefore, RMWBH established an affirmative defense to Madison's claims. The trial court erred in denying RMWBH's motion to dismiss this claim. We sustain RMWBH's first issue.

## ATTORNEY'S FEES AND SANCTIONS

Under the TCPA, a defendant who successfully moves for dismissal is entitled to "(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require" and "(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter." *Youngkin*, 546 S.W.3d at 683 (citing Tex. Civ. Prac. & Rem. Code § 27.009(a)). In its second issue, RMWBH requests this Court "award mandatory court costs, reasonable attorney's fees, and other expenses incurred in defending this action." We decline

---

[2] During the hearing on the motion to dismiss, counsel for RMWBH stated it was the firm's policy to file a lis pendens "in these situations."

12

the request and remand the case to the trial court for reconsideration of an award under § 27.009(a) in light of our conclusion that the claims against RMWBH must be dismissed. *See Youngkin*, 546 S.W.3d at 683.

## CONCLUSION

Pursuant to the TCPA, we hold that RMWBH is entitled to dismissal of Madison's claims against it under the Federal Fair Debt Collection Act, the Texas Debt Collection Act, and the Texas Fraudulent Lien Act. Therefore, we reverse the trial court's order denying RMWBH's motion to dismiss, render judgment granting RMWBH's motion to dismiss those claims, and remand the cause to the trial court for further proceedings consistent with this opinion.

GINA M. PALAFOX, Justice

May 30, 2024

Before Palafox and Soto, JJ., and Salas Mendoza, Judge
Salas Mendoza, Judge (sitting by assignment)